William A. LEHMAN, Appellant,

v.

Dean E. TERRY et al. individually and d/b/a Golden Valley Partners, Defendants and Third–Party Plaintiffs, Respondents,

v.

GOODS, INC., Third–Party Defendant, Respondent.

No. C2–88–1040.

Court of Appeals of Minnesota.

June 21, 1988.

Joseph J. Kubes, St. Paul, for appellant.

George R. Serdar, St. Paul, for defendants and third-party plaintiffs, respondents.

Jeffrey W. Lambert, Wayzata, for third-party defendant, respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and PARKER and SHORT, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

On February 25, 1988, the trial court issued an order for summary judgment in favor of respondents Dean E. Terry, et al., individually and d/b/a Golden Valley Partners (defendants and third-party plaintiffs). Appellant William Lehman then moved to vacate the February 25 order and to amend his complaint. Appellant's motion was denied by order filed April 27. On May 3, judgment was entered pursuant to the February 25 order. The May 3 judgment did not adjudicate or dismiss the third-party action.

On May 17, appellant filed this appeal seeking review of an alleged February 25 judgment and the April 27 order. Subsequently, this court questioned jurisdiction and directed the parties to file memoranda on the appealability of the April 27 order and to clarify if a final judgment was entered on February 25. Appellant then filed an amended notice of appeal and statement of the case seeking to add an appeal from the May 3 judgment. Respondents request dismissal and claim appellant also failed to file a cost bond.

### DECISION

■ Although appellant's notice of appeal indicates the appeal was in part from a February 25 judgment, it appears appellant was attempting to appeal the February 25 order for summary judgment, since judgment was not entered February 25. The February 25 order for summary judgment and the April 27 order denying the motion to vacate are not appealable. *LeRoy v. Figure Skating Club of Minneapolis,* 281 Minn. 576, 162 N.W.2d 248 (1968).

■ The Rules of Civil Appellate Procedure do not authorize parties to convert an appeal from nonappealable orders to an appeal from a judgment by filing an amended notice of appeal and statement of the case. *Montgomery v. American Hoist & Derrick Co.,* 343 N.W.2d 49 (Minn.Ct.

App.1984). Appellant's amended notice of appeal and statement of the case are refused.

■ It further appears the May 3 judgment identified in appellant's amended notice of appeal is not a "final" appealable judgment. A judgment which adjudicates less than all the claims of the parties is not "final" or immediately appealable unless the trial court has made an express determination that there is no just reason for delay and directs entry of a final judgment. *See* Minn.R.Civ.App.P. 104.01 and Minn.R. Civ.P. 54.02. Absent this express determination, a partial judgment is not appealable until entry of a final judgment adjudicating all remaining claims. Comment to Rule 104.01.

■ The May 3 judgment did not formally adjudicate or dismiss the third-party action, nor did the trial court make the express determination specified in Rule 104.01. Although that action may be moot in light of the ruling in favor of the defendants and third-party plaintiffs, the third-party claim should still be dismissed to assure all claims have been adjudicated.

■ Appellant also failed to file a cost bond with the clerk of the trial court. Unless exempt by law, appellant must file a cost bond, $500 in lieu of a cost bond, or must obtain a waiver from the trial court or respondent. Minn.R.Civ.App.P. 107, subd. 1.

Appellant may secure entry of a final judgment dismissing the third-party action and file a new appeal from the May 3 judgment. The February 25 and April 27 orders would then fall within the court's scope of review in the appeal from the judgment. *See* Minn.R.Civ.App.P. 103.04.

Appeal dismissed.