**In the Matter of the WELFARE OF R.L.A., Minor Child.**

**No. CX–88–1884.**

Court of Appeals of Minnesota.

Nov. 8, 1988.

**153**

Bradley Junkermeier, Willmar, for appellant R.L.A.

Michael Lynch, Kandiyohi County Atty., Kay M. Gavinski, Asst. County Atty., Willmar, for respondent Kandiyohi County.

Considered and decided at Special Term and decided by WOZNIAK, C.J., and FORSBERG and SCHUMACHER, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

R.L.A. has appealed an order adjudicating him to be delinquent. He moves this court to stay any disposition order which may be entered pending appeal.

### DECISION

Unlike criminal cases, where an appeal prior to sentencing is premature, Minn.R. Crim.P. 28.02, subd. 2(1), an immediate appeal may be taken from a juvenile court order adjudicating delinquency. Minn.Stat. § 260.291, subd. 1 (1986). The juvenile court order remains in effect pending appeal, unless the appellate court, in its discretion and upon application, determines that a stay is appropriate. *Id.*; Minn.R. Juv.Cts. 31.01, subd. 2(A).

Appellant has not argued that the adjudication order appealed from should be stayed. Instead, he urges this court to stay the effect of a future disposition order, which was neither entered before this appeal was taken nor appealed from. We are mindful that disposition hearings must be held promptly and note there is no provision for delaying such hearings simply because the juvenile rules anomalously authorize an immediate appeal before proceedings are completed in the trial court. *See* Minn.R.Juv.Cts. 30.02.

As we held in the context of a neglect action, juvenile proceedings present unique problems *requiring* that trial courts retain the power to make and modify disposition orders pending appellate review of an adjudication order. *In re C. Children,* 348 N.W.2d 94, 99 (Minn.Ct.App.1984). For that reason, we recommend that requests to stay juvenile court orders be made, in the first instance, to the trial court. In the absence of a particularized showing that a stay is appropriate, we will accede to the statutory presumption that the juvenile court order "stand, pending the determination of the appeal." Minn.Stat. § 260.291, subd. 1 (1986).

Motion for stay denied.