In the Matter of the WELFARE OF M.D.S.

No. C4–93–2544.

Court of Appeals of Minnesota.

March 29, 1994.

Jay E. Sommer, Pine River, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Earl Maus, Cass County Atty., Jon P. Eclov, Asst. Cass County Atty., Walker, for respondent.

Considered at Special Term by ANDERSON, C.J., and LANSING and SCHUMACHER, JJ.

## SPECIAL TERM OPINION

ANDERSON, Chief Judge.

### FACTS

A delinquency petition was filed in Cass County, charging appellant M.D.S. with third-degree burglary. By order dated November 30, 1993, the trial court found that respondent Cass County had proved beyond a reasonable doubt the allegations of the lesser-included offense of fourth-degree burglary. The November 30 order transferred venue to Mille Lacs County, where M.D.S. lives, for disposition and further proceedings.

In this appeal, M.D.S. seeks immediate review of the finding in the November 30 order that the allegations of the petition were proved. This court questioned jurisdiction and directed the parties to file memoranda on whether appellate review is premature.

### DECISION

A juvenile may appeal a final order affecting a substantial right of the juvenile, including but not limited to an order adjudging the juvenile to be delinquent. Minn.Stat. § 260.-291, subd. 1 (1992). The appeal shall be taken within 30 days of the filing of the appealable order. *Id.*

In delinquency proceedings, the court is required to make a finding whether the allegations in the petition have been proved. Minn.R.Juv.P. 27.06. If the court finds that the allegations of the petition are proved, the court shall adjudicate or withhold adjudication of the child as delinquent. Minn. R.Juv.P. 29.01.

Because the court may withhold adjudication, a finding that the allegations of the petition are proved, by itself, does not constitute an adjudication of delinquency. *See* Minn.R.Juv.P. 29.01; 12 John O. Sonsteng, et al., *Minnesota Practice* at 442 (1985) (finding that the allegations of the petition are proved and adjudicating the juvenile delinquent are distinct acts).

In this case, the November 30 order specifies that adjudication of delinquency is withheld. Final determination whether to withhold adjudication has not been made because the court transferred venue to Mille Lacs County for disposition and further proceedings. Further, the November 30 order does not contain the required findings that withholding adjudication is in the best interests of the juvenile and the protection of the public. *See* Minn.R.Juv.P. 29.02.

We hold that the November 30 order is not immediately appealable because the order neither adjudicates appellant delinquent nor finally determines that adjudication is withheld. Judicial economy and protection of the juvenile's right to appeal will be served by allowing the juvenile to obtain review of the findings order in a proper appeal from the final order adjudicating or withholding adjudication of delinquency.

**Appeal dismissed.**