In the Matter of the **WELFARE OF G. (NMN) M., a/k/a W.M.**

No. C9–95–812.

Court of Appeals of Minnesota.

July 3, 1995.

John M. Stuart, Minn. State Public Defender, Charlaan E. Winking, Asst. State Public Defender, Minneapolis, for appellant G.M.

Todd Webb, Clay County Atty., Scott G. Collins, Asst. County Atty., Moorhead, for respondent Clay County.

Considered at Special Term and decided by TOUSSAINT, C.J., and PARKER and KALITOWSKI, JJ.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

### FACTS

G.M. appeals a March 14, 1995 order adjudicating him to be delinquent. The March 14 order provided that the matter be set for disposition following completion of a predisposition report.

The appeal was served and filed on April 17, 1995. This court questioned whether the delinquency adjudication was effective prior to disposition and, if so, whether the appeal was timely. The parties submitted memoranda. Appellant provided a copy of a March 24, 1995 disposition order and moved for leave to amend his notice of appeal.

### DECISION

An appeal may be taken from a final order of the juvenile court affecting a substantial right, including an order adjudging a child to be delinquent. Minn.Stat. § 260.291, subd. 1 (1994). The appeal shall be taken within 30 days of the filing of the appealable order. *Id.* In this case, if the adjudication order was appealable immediately, the appeal period expired on April 13, 1995, which was 30 days after the order was filed on March 14, 1995. This court lacks jurisdiction to consider an untimely appeal. *See* Minn.R.Civ. App.P. 126.02; *Township of Honner v. Redwood County*, 518 N.W.2d 639, 641 (Minn. App.1994), *pet. for rev. denied* (Minn. Sept. 16, 1994).

Previously, a child was required to appeal an order adjudicating delinquency within 30 days, even when the matter was still pending before the district court for disposition. *See In re R.L.A.*, 431 N.W.2d 152, 153 (Minn. App.1988) (unlike criminal cases, where an appeal prior to sentencing is premature, an immediate appeal may be taken from a juvenile court order adjudicating delinquency). This procedure created the potential for separate appeals from the adjudication and disposition orders, contrary to the policy favor-

ing unitary appeals. *See Emme v. C.O.M.B., Inc.*, 418 N.W.2d 176, 179 (Minn.1988) (thrust of appellate rules is that appeals should not be brought or considered piecemeal).

In 1994, the supreme court promulgated amendments to the rules of juvenile procedure. The amendments apply to this appeal because the underlying delinquency proceeding was commenced in 1995. *See In re Rules of Juvenile Procedure*, No. C6–84–2165 (Minn. Dec. 1, 1994) (amendments shall govern all juvenile actions commenced or arrests made after 12:00 midnight January 1, 1995, and shall be in effect until March 31, 1996).

The amendment to Minn.R.Juv.P. 31.03, subd. 1, provides in part:

A child may combine an appeal from a sentence or a disposition with an appeal from a judgment of conviction or an order for adjudication. The district court shall not determine whether an offense will be adjudicated until the time of disposition.

The apparent purpose of this amendment is to permit a unitary appeal by precluding the district court from adjudicating delinquency until the time of disposition.[1] In view of the rule's explicit directive to delay formal adjudication until disposition, we hold that an adjudication of delinquency prior to disposition is ineffective for appeal purposes.

Because the March 14 order in this case adjudicated delinquency before disposition, the order was not immediately appealable. The order became appealable, however, when the disposition order issued on March 24, 1995. Appellant moves for permission to amend the notice of appeal to add an appeal from the March 24 order.

The appellate rules do not authorize amendments to notices of appeal. *Lehman v. Terry*, 424 N.W.2d 584, 585 (Minn. App.1988). But we will accept jurisdiction, because the March 14 adjudication was not appealable until disposition, and this appeal was taken within the time to appeal the March 24 disposition order. *See Kelly v. Kelly*, 371 N.W.2d 193, 195–96 (Minn.1985)

---

1. The rule does not require the district court to delay issuance of findings under Minn.R.Juv.P. 27.06 on whether the allegations in the petition have been proved. An order determining only

that the allegations of the petition have been proved is not a final appealable order. *In re M.D.S.*, 514 N.W.2d 308, 309 (Minn.App.1994).

(notices of appeal are to be liberally construed in favor of their sufficiency, and are not insufficient due to defects that could not have been misleading).

**Appeal to proceed.**