**In the Matter of the WELFARE OF V.D.M., Child.**

**No. C2–00–1221.**

Court of Appeals of Minnesota.

March 20, 2001.

Review Denied May 15, 2001.

John Stuart, State Public Defender, Charlann E. Winking, Assistant State Public Defender, Minneapolis, for appellant.

Mike Hatch, Attorney General, St. Paul; and Amy Klobuchar, Hennepin County Attorney, Donna J. Wolfson, Assistant County Attorney, Minneapolis, for respondent.

Considered and decided by KALITOWSKI, Judge, SCHUMACHER, Judge, and STONEBURNER, Judge.

## OPINION

KALITOWSKI, Presiding Judge.

Appellant V.D.M. challenges the juvenile court's revocation of her extended jurisdiction juvenile status contending the juvenile

court lacked jurisdiction over her because she became 21 prior to the court's order.

## FACTS

The facts of this case are undisputed. On August 15, 1996, appellant entered an admission to a charge of intentional murder in the second degree. On September 3, 1996, appellant was adjudicated delinquent and designated an extended jurisdiction juvenile (EJJ). She received a stayed adult prison sentence of 306 months conditioned upon her successful completion of juvenile probation. She was placed on juvenile probation until her 21st birthday.

On October 9, 1996, appellant was ordered into placement at the San Marcos Female Offender Program at the Brown School in San Marcos, Texas. On March 31, 1998, appellant was released from San Marcos and placed in juvenile detention until her review hearing. After review hearings in April 1998 the juvenile court continued appellant's EJJ probation and ordered her into placement at the Re-Entry Metro group home.

On January 4, 1999, the juvenile court ordered appellant to live in the home of her father and stepmother and maintain employment. It also continued all prior consistent orders, including a prohibition of the use of nonprescription drugs.

On August 25, 1999, appellant disclosed to her probation officer that she had used marijuana on or about August 21, 1999. That same day, appellant submitted to a urinalysis test and tested positive for marijuana. On August 27, 1999, the juvenile court executed an Arrest and Detention Order based upon allegations of appellant's probation officer that appellant had violated her probation by using marijuana, missing scheduled appointments with her therapist, and failing to maintain employment.

At a hearing on September 24, 1999, appellant denied the probation violation allegations, waived a probable cause hearing on the Arrest and Detention Order, demanded a formal Morrissey hearing on the allegations, and waived speedy proceedings.

The first date available to begin the revocation proceeding was November 9, 1999, but appellant's attorney had to reschedule because of a conflict. The matter was rescheduled for December 10, 1999, but appellant's attorney had another scheduling conflict and requested a continuance. The court granted the continuance and scheduled the first appearance for December 21, 1999. The hearing commenced on this date, but the parties requested an additional hearing for further testimony. Appellant's case was scheduled to resume on January 28, 2000, but the court had to continue the matter because the assistant county attorney was ill. The hearing was rescheduled for February 16, 2000, but the court granted another continuance because appellant's probation officer, a key state witness, was unavailable. The next hearing date, set for February 25, 2000, was canceled because appellant's attorney had a scheduling conflict. Finally, on February 28, 2000, additional testimony was heard.

Prior to commencement of the February 28 hearing, the court expressed frustration about the delays of appellant's case. The court noted that appellant's counsel was responsible for the majority of continuances, expressed concern about appellant's approaching 21st birthday, and warned that previous court delays would not justify terminating its juvenile court jurisdiction.

The revocation hearing was not completed on February 28 because more witnesses needed to be called. The court attempted to schedule the next hearing for a date prior to appellant's 21st birthday, but the only date acceptable for appellant's attorney conflicted with the assistant county attorney's vacation schedule. The assistant county attorney offered to cancel her vacation if the court requested her to do so. The court asked appellant's attorney if he objected to resuming the hearing after

March 9, 2000, appellant's 21st birthday, and he replied that he did not.

Appellant's revocation hearing resumed on March 10, 2000, and appellant's counsel argued, for the first time, that because appellant had turned 21, the court no longer had jurisdiction over her. The juvenile court disagreed and ruled that it continued to have jurisdiction over the matter because (1) jurisdictional issues had been waived; (2) the proceedings began before appellant's 21st birthday; (3) appellant's counsel was responsible for many of the delays; and (4) appellant had waived her right to speedy proceedings. The court heard additional testimony and scheduled the final hearing date for March 17, 2000. This hearing had to be rescheduled because appellant gave birth to a child. The EJJ probation revocation hearing finally concluded on April 25, 2000, and the court ordered the parties to submit written final arguments. On June 16, 2000, the court revoked appellant's EJJ probation status and ordered that she be treated as an adjudicated adult offender subject to adult probation, staying the execution of her adult sentence until appellant's 26th birthday.

## ISSUE

Did the juvenile court have jurisdiction to issue an order revoking appellant's EJJ probation after appellant's 21st birthday?

## ANALYSIS

■ Because a statute initially provided the basis for the district court's jurisdiction over appellant, "the issue of the district court's jurisdiction is a question of law that is fully reviewable by this court." *State v. Behl*, 564 N.W.2d 560, 563 (Minn. 1997) (citation omitted). Ordinarily, the jurisdiction of a juvenile court only continues until an individual becomes 19 years old. Minn.Stat. § 260B.193, subd. 5(a) (2000). But in instances where a juvenile has allegedly committed a felony offense, the EJJ statute provides for extended jurisdiction. Minn.Stat. § 260B.130, subd. 1

(2000). Under the EJJ statute, a juvenile court retains jurisdiction until a juvenile reaches the age of 21. Minn.Stat. § 260B.193, subd. 5(b) (2000).

Appellant contends the juvenile court lacked jurisdiction to revoke her EJJ probation because she became 21 years of age before the court issued its order. She cites Minn.Stat. § 260B.193, subd. 5(b), which provides:

The jurisdiction of the court over an extended jurisdiction juvenile, with respect to the offense for which the individual was convicted as an extended jurisdiction juvenile, extends until the offender becomes 21 years of age, unless the court terminates jurisdiction before that date.

But the delinquency statute also provides that a

juvenile court has jurisdiction to designate the proceeding an extended jurisdiction juvenile prosecution, to hold a certification hearing, or to conduct a trial, receive a plea, or impose a disposition * * * if:

(1) an adult is alleged to have committed an offense before the adult's 18th birthday; and

(2) *a petition is filed * * * before the adult's 21st birthday* .

Minn.Stat. § 260B.193, subd. 5(c) (2000) (emphasis added). We conclude that, while not controlling, section 260B.193, subdivision 5(c), is instructive in deciding this case.

■ "The objective of statutory interpretation is to ascertain and effectuate the intent of the legislature." *State v. Coauette*, 601 N.W.2d 443, 445 (Minn.App. 1999) (citations omitted), *review denied* (Minn. Dec. 14, 1999). Courts may presume that the legislature did not intend an absurd or unreasonable result. Minn.Stat. § 645.17(1) (2000). The legislature in section 260B.193, subdivision 5(c)(2), specifically extends the juvenile court's jurisdiction beyond an individual's 21st birthday as long as the EJJ petition was filed "be-

fore the adult's 21st birthday." If a juvenile court can conduct a trial, receive a plea, or impose a disposition on an individual who has turned 21, it is reasonable that the court also has jurisdiction to complete an EJJ probation revocation proceeding that was commenced before the individual's 21st birthday. To rule otherwise would lead to the disfavored and unreasonable result of an adult individual avoiding punishment, or getting off "home free," simply because of the technicality of exceeding the jurisdictional age. *See In re Welfare of A.N.J.*, 521 N.W.2d 889, 890 (Minn.App.1994) (stating a home free argument based solely upon age must fail), *review denied* (Minn. Nov. 29, 1994); *In re Welfare of S.V.*, 296 N.W.2d 404, 407 (Minn.1980) (describing the home free argument as unreasonable and absurd).

In addition, our holding is consistent with prior cases addressing jurisdictional issues involving age. *See A.N.J.*, 521 N.W.2d at 891 (concluding that a juvenile court had jurisdiction to preside over reference hearing and refer case for adult prosecution of a child who reached age 19 during the course of the proceedings, even though the state moved for reference after the individual's 19th birthday, where the "delay between the date the investigation * * * began and the date that the [delinquency] petition * * * was filed was not the result of any improper state purpose" (quotation omitted)); *In re Welfare of C.A.N.*, 370 N.W.2d 438, 442–43 (Minn. App.1985) (holding that juvenile court had jurisdiction after an individual's 19th birthday to "complet[e] an adjudication on the allegations of delinquency" brought prior to an individual becoming 19 years of age).

We reject appellant's argument that this case is controlled by cases holding that a district court does not have jurisdiction to revoke the probation of an adult probationer after expiration of the probationary period. *See State v. Whitfield*, 483 N.W.2d 102, 104 (Minn.App.1992) (holding that the district court exceeded its jurisdiction in revoking probation when the defendant

could be located); *State, City of Eagan v. Stofferahn*, 434 N.W.2d 501, 502 (Minn. App.1989) (reversing district court decision to toll the period of a stay before the stay of sentence expired so that revocation proceedings could be heard at a later date, and finding that district court had no authority to continue stay for a longer period). First, the cases appellant cites have been superceded by a change in the law extending the time to revoke probation *past* the expiration of the stay of probation if proceedings are initiated within six months after expiration of the stay. *See Minn.Stat.* § 609.14, subd. 1(b) (2000). More importantly, these cases are not persuasive authority concerning extending jurisdiction in matters regarding EJJ probation revocation in light of the above referenced caselaw addressing the issues of jurisdiction and age.

Finally, the facts here support the district court's finding of continuing jurisdiction. Appellant's probation revocation proceedings were commenced more than six months prior to her 21st birthday, and appellant's attorney was responsible for most of the delay. Moreover, appellant and her attorney were informed by the court that the delays would not warrant a termination of juvenile court jurisdiction if the matter was not completed before appellant's 21st birthday. Despite this warning, appellant's counsel requested yet another continuance, knowing the next available date for a hearing was after appellant's 21st birthday. The right to a speedy trial is not absolute, especially when the delay is caused primarily by the defendant's actions. *See State v. Johnson*, 498 N.W.2d 10, 16 (Minn.1993). Thus, in addition to our determination that the juvenile court retained jurisdiction under the statute, we conclude that because appellant explicitly waived her right to speedy proceedings, and her attorney neither objected to nor avoided delays, the district court properly determined its jurisdiction over appellant continued after she became 21.

## DECISION

Because appellant's EJJ probation revocation hearing commenced before she became 21 years of age, the juvenile court retained jurisdiction to decide the matter after her 21st birthday.

**Affirmed.**