### In the Matter of the WELFARE OF B.J.M., Child.

### No. C1–01–376.

Court of Appeals of Minnesota.

Dec. 4, 2001.

John Stuart, State Public Defender, Charlann Winking, Assistant Public Defender, for appellant.

Mike Hatch, Attorney General and Charles Maclean, Winona County Attorney, for respondent State of Minnesota.

Considered and decided by ANDERSON, Presiding Judge, PETERSON, Judge, and AMUNDSON, Judge.

## OPINION

PETERSON, Judge.

This appeal is from a judgment entered pursuant to a juvenile-delinquency disposition order requiring appellant B.J.M. to pay restitution. B.J.M. argues that the juvenile court lost jurisdiction to impose the disposition because he turned age 19 before the adjudicatory and disposition hearings were held. B.J.M. argues that his failure to appear for the disposition hearing and for a hearing prior to the adjudicatory hearing did not justify extension of jurisdiction. We vacate the judgment.

## FACTS

In March 1998, a petition was filed alleging that B.J.M. had committed first-degree arson in violation of Minn.Stat. § 609.561, subd. 1 (1996). Trial was scheduled for June 23, 1998, but B.J.M. failed to appear. Court minutes show that the prosecutor advised the juvenile court that B.J.M. had fled from detention. The court issued an order for apprehension, detention, and custody.

On April 8, 1999, B.J.M. turned age 19. On September 13, 1999, based on information that B.J.M. was living in Iowa, the juvenile court issued a warrant for his arrest. B.J.M. was arrested in April 2000 and on April 13, 2000, appeared in juvenile court for a detention hearing.

The case was tried to the court on May 31, 2000. On September 13, 2000, the juvenile court issued an order determining that B.J.M. had committed first-degree arson and was, therefore, delinquent.

B.J.M. appeared at a disposition hearing on October 25, 2000. The court continued the disposition pending a restitution hearing. B.J.M. did not appear at the continued disposition hearing on January 11, 2001. The juvenile court issued a final order requiring B.J.M. to pay restitution, and judgment was entered accordingly.

## ISSUE

Did the juvenile court have jurisdiction to impose a juvenile disposition after B.J.M.'s 19th birthday?

## ANALYSIS

■ When statutorily based, the existence of jurisdiction is a question of law subject to de novo review. *State v. Behl,* 564 N.W.2d 560, 563 (Minn.1997). Generally, the juvenile court has original and exclusive jurisdiction over proceedings concerning anyone alleged to have been a delinquent prior to becoming 18 years old. Minn.Stat. § 260B.101, subd. 1 (2000). Unless the person falls under a statutory exception, juvenile court jurisdiction terminates when the person becomes 19 years old. Minn.Stat. § 260B.193, subd. 5(a) (2000); *In re Welfare of K.A.S.,* 585 N.W.2d 71, 75 (Minn.App.1998). B.J.M. was age 20 when the juvenile court determined him to be delinquent and imposed disposition.

Minn.Stat. § 260B.193, subd. 5, sets forth three exceptions extending juvenile jurisdiction until a person reaches age 21. The first exception, set forth in Minn.Stat. § 260B.193, subd. 5(b), applies to an extended-jurisdiction juvenile (EJJ) with respect to an offense of which the individual was convicted as an EJJ. That exception does not apply here because this case was not designated as an EJJ prosecution. *See* Minn.Stat. § 260B.130, subd. 1 (2000) (procedure for designating proceeding as an EJJ proceeding).

■ B.J.M. concedes that the juvenile court had jurisdiction to conduct a trial and determine his guilt under the second exception, set forth in Minn.Stat. § 260B.193, subd. 5(c). But Minn.Stat. § 260B.193, subd. 5(c), only permits the court to impose a disposition under Minn. Stat. § 260B.130, subd. 4, which applies only to an EJJ prosecution. Therefore, because this case was not designated as an EJJ prosecution, the juvenile court lacked jurisdiction to impose a disposition under Minn.Stat. § 260B.193, subd. 5(c).

The third exception to the general rule that juvenile court jurisdiction terminates when a person becomes 19 years old is set forth in Minn.Stat. § 260B.193, subd. 5(e), which states:

> The juvenile court has jurisdiction over a person who has been adjudicated delinquent until the person's 21st birthday if the person fails to appear at any juvenile court hearing or fails to appear at or absconds from any placement under a juvenile court order.

■ Minn.Stat. § 260B.193, subd. 5(e), expressly provides for the extension of juvenile jurisdiction for failure to appear at a juvenile court hearing only when the person "has been adjudicated delinquent." A statute should be construed so that no phrase is "superfluous, void, or insignificant." *Boutin v. LaFleur,* 591 N.W.2d 711, 716 (Minn.1999) (citation omitted); *see also Wynkoop v. Carpenter,* 574 N.W.2d 422, 425 (Minn.1998) (when statutory language is plain and unambiguous, the court must give effect to its plain meaning). Construing Minn.Stat. § 260B.193, subd. 5(e), as providing for a general extension of jurisdiction for any person who misses a court hearing at any stage in a juvenile proceeding would render superfluous the phrase "who has been adjudicated delinquent" and would be contrary to the plain

and unambiguous statutory language. We hold that Minn.Stat. § 260B.193, subd. 5(e), extends jurisdiction only when a person who has already been adjudicated delinquent fails to appear at a hearing or fails to appear at or absconds from a court-ordered placement.

B.J.M. failed to appear for two hearings, a scheduled trial on June 23, 1998, and the disposition hearing on January 11, 2001. But when B.J.M. failed to appear for trial, he had not yet been adjudicated delinquent.

The juvenile court's jurisdiction to impose a disposition ended by law in April 1999 when B.J.M. turned 19. The adjudication of delinquency did not occur until several months later.[1] Thus, if B.J.M. had appeared at the January 2001 disposition hearing, the court would have lacked jurisdiction to impose a disposition against him. Given the limited extension of jurisdiction provided for by Minn.Stat. § 260B.193, subd. 5(d), we decline to hold that B.J.M.'s failure to appear for the January 2001 hearing resurrected the juvenile court's jurisdiction to impose a disposition.

## DECISION

Because the juvenile court lacked jurisdiction to impose a disposition against B.J.M., we vacate the judgment requiring B.J.M. to pay restitution.

**Judgment vacated.**

---

**1.** To prevent separate appeals from adjudication and disposition orders, Minn. R. Juv. P. 21.03, subd. 1, precludes the juvenile court from adjudicating delinquency until the time of disposition. *See In re Welfare of G. (NMN) M.*, 533 N.W.2d 883, 884 (Minn.App.1995) (construing predecessor to Minn. R. Juv. P. 21.03, subd. 1). Because B.J.M. does not dispute that the September 13, 2000, order constituted an adjudication of guilt, we assume, without deciding, that it did.