**In re the Marriage of Christopher L. SCHROEDER, Petitioner, Appellant,**

v.

**Michele M. SCHROEDER, Respondent.**

No. C2–02–1840.

Court of Appeals of Minnesota.

April 8, 2003.

Kay Nord Hunt, Marc A. Johannsen, Lommen, Nelson, Cole Stageberg, P.A., Minneapolis, MN, for appellant.

Arthur M. Albertson, Jean E. Johnson, Duluth, MN, for respondent.

Considered and decided by WILLIS, Presiding Judge, SCHUMACHER, Judge, and ANDERSON, Judge.

## OPINION

ROBERT H. SCHUMACHER, Judge.

Appellant-father claims the district court erred by asserting subject matter jurisdiction over a California child custody and support order and modifying the order. Father argues California retained jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, Minn.Stat. § 518D (2002), the Uniform Interstate Family Support Act, Minn.Stat. § 518C (2002), and the Full Faith and

Credit for Child Support Orders Act, 28 U.S.C. § 1738B (2000). We reverse.

## FACTS

In July 1998, the marriage of appellant-father Christopher L. Schroeder and respondent-mother Michele M. Schroeder was dissolved in the Superior Court of California, San Mateo County. At the time of dissolution, father was living in California and mother was living in Minnesota. Pursuant to a stipulated order entered in the same court, father was granted physical custody of the parties' minor child subject to mother's reasonable visitation and mother was required to pay child support.

The child resided in California until November 1999, when he refused to return to father following a visit to mother in Minnesota. Since that time, child has resided exclusively with mother and mother has made no child support payments.

In April 2002 mother registered the California order in Minnesota district court for enforcement pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, Minn.Stat. § 518D (2002). Father did not request a hearing to contest the validity or enforcement of the registered order, as authorized by section 518D.305(d).

Mother subsequently filed a motion in Minnesota district court to modify the California order by granting her physical custody of the child and terminating her support obligation. Father moved the Minnesota court to dismiss mother's motions on the grounds the California court had continuing exclusive subject matter jurisdiction. The district court issued an order accepting jurisdiction, appointed a guardian ad litem, and suspended mother's support obligation.

Father appeals, arguing the Minnesota district court lacked subject matter jurisdiction to modify the California custody and support order. Following father's notice of appeal, the district court stayed the scheduled hearing on the substantive custody and support issues pending this court's determination of the jurisdictional issue.

## ISSUE

Did the district court have subject matter jurisdiction to modify the California order?

## ANALYSIS

■■■ Application of the Uniform Child Custody Jurisdiction Act (UCCJEA) involves questions of subject matter jurisdiction. *See Johnson v. Murray,* 648 N.W.2d 664, 670 (Minn.2002) (noting application of UCCJEA's predecessor statute involved questions of subject matter jurisdiction). A district court's determination of subject matter jurisdiction is a question of law, which this court reviews de novo. *Id.*

Father argues first the district court lacked subject matter jurisdiction to modify the custody provision of the California order under the UCCJEA as adopted in Minnesota and California. *See* Minn.Stat. § 518D (2002); Cal. Fam.Code § 3400–25 (West 2002). We agree.

The UCCJEA provides that the state issuing a custody decree will generally retain exclusive, continuing jurisdiction over the decree as long as that state remains the residence of the children or a parent. Minn.Stat. § 518D.202, .203(2); Cal. Fam. Code § 3422. It is undisputed that father is still a resident of California. The Minnesota court therefore lacks subject matter jurisdiction to modify the California custody order.

■ Mother argues father waived his right to challenge the district court's decision finding jurisdiction, by failing to timely object to the registration of the custody order in Minnesota. We disagree. First, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Minn. R. Civ. P. 12.08(c); *see also Cochrane v. Tudor Oaks Condo. Project,* 529 N.W.2d 429, 432 (Minn.App.1995) (stating "lack of subject matter jurisdiction may be raised at any time, including for the first time on appeal") (citations omitted), *review denied* (Minn. May 31, 1995). Father could not confer subject matter jurisdiction to the district court either by waiver or consent. *Hemmesch v. Molitor,* 328 N.W.2d 445, 447 (Minn.1983).

Second, mother's argument imprecisely relies on chapter 518D, which establishes the procedure for registering another state's custody order in Minnesota "with or without a simultaneous request *for enforcement* * * *." Minn.Stat. § 518D.305(a) (emphasis added). Mother contends father's jurisdictional challenge is precluded by the statute's provision that

> failure to contest the registration [within 20 days] will result in *confirmation of the child custody determination* and preclude further contest of that determination with respect to any matter that could have been asserted.

Minn.Stat. § 518D.305(c)(3) (emphasis added). Chapter 518D does not provide that confirmation of a custody determination for enforcement generates or transfers jurisdiction, or that section 518D.305 otherwise affects the issuing state's continuing jurisdiction, which is explicitly governed by other provisions of the UCCJEA. *See* Minn.Stat. § 518D.202, 203(2); *see also* 28 U.S.C. § 1738A (2000) (requiring that state courts give full faith and credit

to the custody determinations of other states). Father's failure to timely challenge mother's registration of the California order did not bar his challenge to subject matter jurisdiction.

The California court had exclusive, continuing jurisdiction over custody. The Minnesota district court was precluded from asserting jurisdiction.

Father next argues California's continuing jurisdiction over the support provision of the 1996 order precluded the Minnesota court's assertion of jurisdiction under the Uniform Interstate Family Support Act (UIFSA), Minn.Stat. § 518C (2002) and under the Full Faith and Credit for Child Support Orders Act, 28 U.S.C. § 1738B (2000). We agree.

■ The UIFSA allows the registration of a support order from another state "for enforcement." Minn.Stat. § 518C.601. Among the procedural prerequisites for registration is the filing of a sworn or certified statement "showing the amount of any arrearage." Minn.Stat. § 518C.602(a)(3). Because mother is the obligor here, she is owed no arrearages in child support. Thus, mother has no support or arrearage-related issue as to the California support order that she can enforce against father and mother was not entitled to register it for enforcement in Minnesota. *See Stone v. Stone,* 636 N.W.2d 594, 596–97 (Minn.App.2001) (holding party not entitled to register support order when no child-support arrearages were at issue).

Even had mother presented a valid arrearages issue, registration would be barred by Minn.Stat. § 518C.609, which governs the procedure to register a child support order from another state for modification. A Minnesota court may modify a foreign support order only if it finds, among other things, that (1) the child, the

obligee, and the obligor, do not reside in the issuing state, and (2) the petitioner is a nonresident of Minnesota. Minn.Stat. § 518C.611(a)(1)(i)-(ii).

Here, father-obligee resides in California and mother-obligor resides in Minnesota. Thus, mother cannot satisfy the requirements for modification of the California support order. *See Rivera v. Ramsey County*, 615 N.W.2d 854, 858 (Minn.App.2000) (stating that if neither of the parents nor the child reside in the state that issued an existing child-support order, a court in another state may modify a properly registered order); *see also* 28 U.S.C. § 1738B(i) (providing that a party seeking to modify in one state a child-support order issued in another state may only register the order for modification "[i]f there is no individual contestant or child residing in the issuing State").

## DECISION

California has continuing, exclusive jurisdiction over custody of the parties' minor child pursuant to the UCCJEA. Mother cannot currently register the support-related aspects of the California order in Minnesota courts under the UIFSA and 28 U.S.C. §§ 738A, 1738B (2000). We reverse the district court and vacate its order.

**Reversed; judgment vacated.**