In the Matter of the **WELFARE OF M.J.M., Child.**

No. A08–0998.

Court of Appeals of Minnesota.

June 9, 2009.

Lori Swanson, Attorney General, St. Paul and Mary J. Evenhouse, Itasca County Attorney's Office, Grand Rapids, for respondent State of Minnesota.

Lawrence Hammerling, Chief Appellate Public Defender, Sara L. Martin, Assistant State Public Defender, St. Paul, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge; HUDSON, Judge; and HARTEN, Judge.*

## OPINION

KLAPHAKE, Judge.

Appellant M.J.M. challenges the district court's orders revoking the stay of adjudication over his juvenile delinquency proceedings. He claims that the district court's jurisdiction expired 180 days after the court ordered the stay, consistent with Minn. R. Juv. Delinq. P. 15.05, subd. 4(B). Because a district court's jurisdiction over a juvenile delinquency matter terminates 180 days after the date it was continued without adjudication, and because subject-matter jurisdiction cannot be waived, we reverse and remand.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

On November 1, 2006, appellant pleaded guilty to charges of theft of a motor vehicle and fleeing a peace officer in a motor vehicle, felony violations. Appellant was nearly 17 years old on the date of the offenses. At his juvenile disposition hearing, appellant requested a stay of adjudication for one year, "with the understanding that if [he did] not complete all the court obligations before his 18th birthday, [he] would be asking for the Court's jurisdiction to extend to his 19th [birthday, and he] would be asking for the stay of adjudication to continue at that point . . ." Appellant's 19th birthday was on July 25, 2008.

The court's November 2, 2006, disposition order stayed adjudication "until dismissed by Itasca County Probation, or until [appellant's] 19th birthday," and further automatically dismissed the matter upon appellant's successful completion of and release from probation. The court supported its extension of the stay on its finding that the stay was a proper mechanism by the state "to induce the Child's future lawful conduct beyond the six month limit [provided by] M.S.A. 260.185 subd. 3 . . . in view of the nature of the offense, [and constitutes] a special circumstance supporting a limited exercise of the court's inherent authority. Juvenile Court Rule 14.10."[1] The court further found that the disposition was "necessary for the child's rehabilitation and his/her personal and social growth." The court then ordered appellant's custody transferred to the Itasca County Probation Department for placement at Thistledew Camp, but it stayed placement on the condition that appellant complete all of the terms and conditions of his probation.

Nearly a year later, on December 7, 2007, appellant was detained for several probation violations. At a December 12 hearing, appellant admitted to probation violations, but the state did not then request a vacation of the stay of adjudication on the prior charges. The court found that appellant violated his probation and reinstated his probation with the same terms and conditions.

At a second probation violation hearing on May 7, 2008, appellant admitted to further probation violations. Because this was his second violation and his probation agent testified that he had dealt with many prior infractions informally, the court granted the state's request to vacate the stay of adjudication.

## ISSUES

1. Did the district court err by revoking appellant's stay of adjudication because it had no jurisdiction over the matter after expiration of the 180–day period allowed by law to continue the stay of adjudication?

2. Did appellant waive his right to appeal the court's extension of jurisdiction by failing to appeal its decision within 30 days?

## ANALYSIS

### I.

■ Appellant claims the district court lacked jurisdiction to revoke his stay of adjudication. This court reviews questions of jurisdiction and interpretation of statutes de novo. *State v. J.E.S.*, 763 N.W.2d 64 (Minn.App.2009) ("When a statute provides the basis for the juvenile court's jurisdiction over the juvenile, the issue of jurisdiction is a question of law subject to

---

1. The six-month limit on continuing a juvenile case before entering a finding of delinquency when the allegations have been admitted or proven is now contained in Minn.Stat. § 260B.198, subd. 7 (2008).

de novo review."). Appellant argues that the district court's jurisdiction in this case ended on April 1, 2007, 180 days after its November 1, 2006, order staying adjudication, based on Minn. R. Juv. Delinq. P. 15.05, subd. 4. When a child is not held in detention, this rule allows the court to continue a case without adjudication for a period of up to 90 days from the date of disposition, allowing the court to further extend this period for an additional 90 days. *Id.* at subd. 4(B). The rule further provides for termination of the court's jurisdiction over the matter if probation revocation proceedings are not commenced within this 180-day period. *Id.* at subd. 4(F).

The probation violation hearing resulting in revocation of the stay of appellant's adjudication occurred on May 7, 2008, approximately one year after the 180-day extension period expired. Appellant contends that under rule 15.05, subd. 4(F), the juvenile court lacked jurisdiction over the matter on that date. The state counters that when the court ordered the stay, it specifically extended its jurisdiction until appellant's 19th birthday, July 25, 2008, as per the parties' stipulation.

Minn.Stat. § 260B.198, subd. 7 (2008), provides that when a child has admitted allegations and when it is in the best interests of the child, before a finding of delinquency has been entered, the district court may continue the case for a period *not to exceed 90 days* on any one order. The district court may extend such a continuance for an *additional 90 days* after re-

viewing the case. *Id.* In extending its jurisdiction beyond the 180-day period allowed by Minn.Stat. § 260B.198, subd. 7 and Minn. R. Juv. Delinq. P. 15.05, subd. 4, the district court apparently believed that Minn. R. Juv. Delinq. P. 14.10 allowed it to exercise its "inherent authority" to use the stay as a mechanism to induce appellant's "future lawful conduct" beyond this six-month limit, given the nature of the offense.

Rule 14.10 states that nothing in the rule limits the inherent power of the district court to continue a case for dismissal, even in the absence of an agreement by the parties. Rule 14 authorizes continuances for dismissal in cases where the prosecuting attorney and the child's counsel agree that the juvenile proceeding will be suspended for a specified period *without* a finding that the allegations of the charging document have been proved, after which time the charges will be dismissed.

Here, although the prosecutor and appellant's counsel agreed to stay adjudication, the agreement was not subject to rule 14 governing continuances for dismissal, because appellant pleaded guilty to the charges. The state now argues that rule 14 was not appropriate in this case because appellant's admission to the offenses was an important part of his social and personal growth and, combined with a stay of adjudication, would allow him to be accountable for his actions. Minnesota law, however, does not provide for this disposition option.[2]

---

2. The district court, along with the parties, may have misunderstood the disposition here. The comment to rule 14.10 addresses the difference between "withholding of adjudication" and "continuance for dismissal." The Minnesota Supreme Court's Juvenile Rules Advisory Committee notes that many juvenile court practitioners have treated withholding of adjudication as a continuance for dismissal

or pretrial diversion, similar to Minn. R.Crim. P. 27.05. The committee incorporated Minn. R.Crim. P. 27.05 into the juvenile rules to avoid misuse of the continuance without adjudication and to allow juvenile court practitioners the disposition option of continuance for dismissal, when appropriate. However, continuance for dismissal was not an appro-

▮ Appellant's disposition is controlled by rule 15, because that rule applies to delinquency dispositions when the charges are admitted or proved. Rule 15 limits continuance of a case without adjudication for a maximum period of 180 days, consistent with Minn.Stat. § 260B.198, subd. 7. *See In re Welfare of J.R.Z.,* 648 N.W.2d 241, 245–6 (Minn.App.2002) (affirming that adjudication of juvenile not an abuse of discretion when district court acknowledged Minn.Stat. § 260B.198, subd. 7, and stated that the juvenile's treatment required a period much longer than the 180 days it could stay adjudication), *review denied* (Minn. Aug. 20, 2002). Under rule 15, a district court loses jurisdiction over a juvenile after the 180–day continuance period has expired, even though the juvenile did not comply with the probationary conditions. *See In re Welfare of M.A.R.,* 558 N.W.2d 274, 276 (Minn.App.1997) (holding a district court had no jurisdiction over a juvenile matter after the 180–day continuance period expired, commenting that even assuming the court had "inherent authority" to grant an indefinite continuance where justice so required, that authority was sharply limited by the adoption of the predecessor rule to rule 15). Because we hold that rule 15 divests the district court of jurisdiction over appellant's case 180 days after issuance of its order staying adjudication, we reject the state's argument that the parties could extend the 180–day period by agreement.

## II.

▮ Appellant did not object to the district court's retention of jurisdiction until his 19th birthday in prior juvenile proceedings and now questions subject-matter jurisdiction for the first time in this appeal. The state argues that by failing to appeal within 30 days of his disposition, appellant

has waived the right to question subject-matter jurisdiction under Minn. R. Juv. Delinq. P. 21.03, subd. 2, requiring appeal of a final order to be filed within 30 days.

▮ Jurisdiction is an issue that typically cannot be waived. "Subject-matter jurisdiction is a court's power to hear and determine cases that are presented to the court." *State v. Losh,* 755 N.W.2d 736, 739 (Minn.2008). Unlike personal jurisdiction, a court cannot acquire subject-matter jurisdiction "either by waiver or consent." *Schroeder v. Schroeder,* 658 N.W.2d 909, 912 (Minn.App.2003). Because subject-matter jurisdiction is a fundamental question that determines the right of a court to adjudicate a particular matter, "it may not be conferred on the court by agreement of the parties nor by their waiver of the right to object." *Dead Lake Ass'n, Inc. v. Otter Tail County,* 695 N.W.2d 129, 134 (Minn. 2005) (quoting 1 David F. Herr & Roger S. Haydock, *Minnesota Practice–Civil Rules Ann.* § 12.17 (4th ed. 2002)). Further, lack of subject-matter jurisdiction may be raised at any time by the parties or sua sponte by the court, and cannot be waived by the parties. *Marzitelli v. City of Little Canada,* 582 N.W.2d 904, 907 (Minn.1998). Therefore, appellant's prior failure to object to the court's jurisdiction is of no import; the district court lacked jurisdiction on May 7, 2008 to revoke appellant's stay of adjudication.

## DECISION

Because under Minn. R. Juv. Delinq. P. 15.05, subd. 4, a court loses jurisdiction to adjudicate a juvenile after 180 days from the date that the district court stays an adjudication of delinquency, and because subject-matter jurisdiction cannot be waived, we conclude that the district court had no jurisdiction over this case when it

priate disposition here because of appellant's admission of guilt.

revoked the stay of adjudication after the expiration of this period. Because the district court provided that this matter was to be automatically dismissed after appellant's release from probation, we remand with directions to dismiss the petition against appellant.

**Reversed and remanded.**