*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1100**

Nicholas Robert Schimmel, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 4, 2015
Affirmed
Peterson, Judge**

Brown County District Court
File No. 08-CR-13-936

Mark Edward Betters, Betters Weinandt, Mankato, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Charles W. Hanson, Brown County Attorney, New Ulm, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Peterson, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this appeal from an order that denies his petition for postconviction relief, appellant argues that the district court did not have subject-matter jurisdiction to impose

an adult sanction following the termination of his extended jurisdiction juvenile status. We affirm.

**FACTS**

In September 2007, a delinquency petition was filed against appellant Nicholas Robert Schimmel in Brown County. Because appellant allegedly used a firearm to commit a felony, the proceeding was designated as an extended jurisdiction juvenile (EJJ) prosecution. *See* Minn. Stat. § 260B.130, subd. 1(2) (2014) (proceeding involving child is an EJJ prosecution if child is alleged to have committed felony using a firearm and prosecutor designates proceeding an EJJ prosecution). Appellant pleaded guilty to first-degree burglary, and the district court imposed an adult sentence but stayed execution and placed appellant on supervised probation. Venue was transferred to Blue Earth County, which was appellant's county of residence.[1]

In 2009, the Blue Earth County District Court revoked appellant's EJJ probation and ordered him to appear for sentencing. On appeal, this court reversed the revocation and remanded. *State v. N.R.S.*, No. A09-2044 (Minn. App. Aug. 10, 2010). On remand, the district court again revoked appellant's EJJ probation and ordered him to appear for sentencing. Appellant filed a second appeal. In March 2011, the district court ordered the revocation proceeding stayed pending the appeal. *See* Minn. R. Juv. Delinq. P. 21.03, subd. 3(A) (stating that a stay may be granted by juvenile court pending an appeal).

---

[1]Venue for a delinquency proceeding is in the county where the alleged delinquency occurred. Minn. Stat. § 260B.105, subd. 1 (2014). Venue for other juvenile court proceedings is in the county where the child is found or in the county of the child's residence. *Id.*

In July 2011, while the second appeal was pending, a probation-violation report seeking revocation of appellant's EJJ probation was filed in Blue Earth County after new adult criminal charges were brought against appellant in three separate files. Appellant turned 21 on October 10, 2011. In December 2011, this court reversed the second revocation of appellant's EJJ probation. *State v. N.R.S.*, No. A11-0523 (Minn. App. Dec. 20, 2011). Judgment was entered in this court on February 6, 2012, and on February 27, 2012, the file was returned to Blue Earth County.

At a hearing on March 14, 2012, the parties reached a global settlement agreement regarding the July 2011 probation violation and the charges in the three new adult criminal files, under which appellant agreed not to contest revocation of his EJJ probation in exchange for the state's recommendation that no additional jail time be imposed in the three adult files. By order filed in May 2012, the Blue Earth County District Court revoked appellant's EJJ probation and referred the matter back to Brown County for imposition of an adult sentence.[2]

In May 2013, appellant filed a motion to dismiss in Brown County District Court, arguing that the court's EJJ jurisdiction had expired because appellant had reached age 21 and his EJJ status was revoked. By order filed July 9, 2013, the district court denied appellant's motion.

A sentencing hearing was held on September 23, 2013. At the hearing, the district court orally imposed a 48-month sentence but stayed execution and placed appellant on

_____

[2]Venue for a criminal trial is in the county where the offense was committed. Minn. Stat. § 627.01 (2014); Minn. R. Crim P. 24.

probation for 20 years. A written adult sentencing order was filed in appellant's original Brown County juvenile court file on October 15, 2013, and a notice of filing of order was filed in that file on October 24, 2013. A register of actions dated March 3, 2014, indicates that the sentencing order was filed in a Brown County adult court file on October 15, 2013.[3]

On February 25, 2014, appellant called his attorney and stated that he had not yet been contacted by his probation officer. Defense counsel investigated and discovered that the sentencing order was filed on October 15, 2013. Defense counsel had not received the notice of filing of order, and he contacted the prosecutor, who reported that the notice of filing of order was not in her file and that there was no indication that it had been received by her office.

On March 14, 2014, appellant filed a motion to dismiss for lack of subject-matter jurisdiction and to vacate all orders filed in the original Brown County juvenile court file since the revocation of his EJJ status. At the hearing on the motion to dismiss, appellant also argued that the time to appeal the sentence had not expired because no judgment had been entered in the adult court file. By order filed May 7, 2014, the district court denied appellant's motion to dismiss and his request for a declaration that the appeal period did not begin running until the entry of judgment in the adult file.

---

[3]Appellant argues that the adult court file was "retroactively" created in February 2014. Although it is not clear from the record when the adult court file was created, it is clear that a written adult sentencing order was filed in the juvenile court file on October 15, 2013. The apparent administrative errors that led to the sentencing being treated as a juvenile court matter have created confusion, but appellant has not cited any authority that indicates that these errors affected the adult court's jurisdiction.

4

This appeal followed. The state moved to dismiss on the ground that appellant relied on the postconviction act as the jurisdictional basis for review but had not captioned his motion as a petition for postconviction relief. This court construed the order being appealed as an order denying postconviction relief and denied the state's motion.[4]

## DECISION

"When a court does not have the authority to hear and determine a particular class of actions and the particular questions that the court assumes to decide, the court lacks subject-matter jurisdiction." *Vang v. State,* 788 N.W.2d. 111, 117 (Minn. 2010). "[A] court cannot acquire subject-matter jurisdiction either by waiver or consent." *In re Welfare of M.J.M.,* 766 N.W.2d 360, 364 (Minn. App. 2009) (quotation omitted), *review denied* (Minn. Aug. 26, 2009). "[L]ack of subject-matter jurisdiction may be raised at any time by the parties or sua sponte by the court, and cannot be waived by the parties." *Id.* "When a statute provides the basis for the juvenile court's jurisdiction over the juvenile, the issue of jurisdiction is a question of law subject to de novo review." *State v. J.E.S.,* 763 N.W.2d 64, 67 (Minn. App. 2009).

"An EJJ prosecution is a blending of juvenile and adult criminal dispositions that extends jurisdiction over a young person to age twenty-one and permits the court to

---

[4]The state argues that this appeal is untimely. "[A]n appeal by the defendant from an order denying a petition for postconviction relief must be filed within 60 days after entry of the order." Minn. R. Crim. P. 28.02, subd. 4(3)(c). The order that this court construed as an order denying postconvicition relief is followed in the Brown County juvenile court file by a notice of filing of order that states that an order was filed on May 7, 2014. This appeal was filed within 60 days after May 7, 2014.

impose both a juvenile disposition and a criminal sentence." *In re Welfare of B.N.S.*, 647 N.W.2d 40, 42 (Minn. App. 2002). In an EJJ prosecution, if the juvenile pleads guilty or is found guilty, the district court "shall (1) impose one or more juvenile dispositions under section 260B.198; and (2) impose an adult criminal sentence, the execution of which shall be stayed on the condition that the offender not violate the provisions of the disposition and not commit a new offense." Minn. Stat. § 260B.130, subd. 4(a) (2014). "The jurisdiction of the court over an [EJJ], with respect to the offense for which the individual was convicted as an [EJJ], extends until the offender becomes 21 years of age, unless the court terminates jurisdiction before that date." Minn. Stat. § 260B.193, subd. 5(b) (2014).

The statute governing revocation of an offender's stay of execution and EJJ probation states:

> (a) When it appears that a person convicted as an [EJJ] has violated the conditions of the stayed sentence, or is alleged to have committed a new offense, the court may, without notice, revoke the stay and probation and direct that the offender be taken into immediate custody. The court shall notify the offender in writing of the reasons alleged to exist for revocation of the stay of execution of the adult sentence. If the offender challenges the reasons, the court shall hold a summary hearing on the issue at which the offender is entitled to be heard and represented by counsel.
>
> . . . .
>
> (c) After the hearing, if the court finds that reasons exist to revoke the stay of execution of sentence, the court shall treat the offender as an adult and order any of the adult sanctions authorized by section 609.14, subdivision 3[.] . . .

6

(d) Upon revocation, the offender's [EJJ] status is terminated and juvenile court jurisdiction is terminated. The ongoing jurisdiction for any adult sanction, other than commitment to the commissioner of corrections, is with the adult court.

Minn. Stat. § 260B.130, subd. 5 (2014); *see also* Minn. Stat. § 609.14, subd. 3(2) (2014) (providing for continuation of stay of execution or execution of previously stayed sentence).

This court has held that "[a] juvenile court retains jurisdiction over an individual who has turned 21 where extended jurisdiction juvenile probation revocation proceedings were commenced before the individual's 21st birthday and any delay was not the result of an improper state purpose." *In re Welfare of V.D.M.*, 623 N.W.2d 277, 277 (Minn. App. 2001), *review denied* (May 15, 2001). The third proceeding to revoke appellant's stay of execution and EJJ probation was commenced in July 2011. But because appellant had appealed the second revocation of his probation and the second revocation proceeding was stayed pending his appeal, the district court continued the third revocation proceeding. Appellant turned 21 on October 10, 2011. This court issued its decision in appellant's second appeal in December 2011, judgment was entered in this court on February 6, 2012, the case file was returned to Blue Earth County on February 27, 2012, and the third revocation proceeding resumed. There was no improper purpose in the delay caused by the stay and continuance.

At a hearing on March 14, 2012, the parties reached a global settlement agreement, under which appellant agreed not to contest revocation of his EJJ status in exchange for the state's recommendation that no additional jail time be imposed in the

7

three new adult criminal files. By order filed in May 2012, the Blue Earth County District Court revoked appellant's EJJ probation. Under Minn. Stat. § 260B.130, subd. 5(d), appellant's EJJ status and the juvenile court's jurisdiction terminated upon revocation, and "ongoing jurisdiction for any adult sanction, other than commitment to the commissioner of corrections, [was] with the adult court."

Typically, the adult court with ongoing jurisdiction for any adult sanction would be the adult court in the county where the revocation occurred, and the district court judge who ordered the revocation would also impose any adult sanction. But because appellant's offense in 2007 was committed in Brown County and venue for a criminal trial is in the county where the offense was committed, the Blue Earth County district court did not impose an adult sanction and, instead, transferred the case back to Brown County for imposition of an adult sentence.

Appellant concedes that his EJJ probation was properly revoked even though the revocation occurred more than six months after his 21st birthday. But he argues that because his sentence was not executed and he was not placed on adult probation when his EJJ probation was revoked, the district court lost jurisdiction when his EJJ status terminated. As authority for this argument, appellant cites *State v. Booth*, No. A12-0037, 2012 WL 4052815 (Minn. App. Sept. 17, 2012), which is an unpublished opinion of this court.

"Unpublished opinions of the Court of Appeals are not precedential." Minn. Stat. § 480A.08, subd. 3 (2014). Furthermore, although there are similarities between this case and *Booth*, there is a significant difference between the procedural postures of the two

8

cases. In *Booth*, a juvenile pleaded guilty to multiple charges in an EJJ prosecution, and the court in one county imposed a 68-month stayed sentence, placed the juvenile on EJJ probation until age 21, and transferred the matter to another county for disposition. *Booth*, 2012 WL 4052815, at \*2.

The juvenile failed to complete treatment, and the juvenile court in the second county revoked the juvenile's EJJ probation, placed the juvenile on adult probation without any conditions of probation, and ordered that a sentencing hearing be held within 14 days of the revocation order. *Id*. at \*2-3. Before sentencing occurred, the court granted the juvenile's motion to transfer venue back to the first county, where his criminal acts were committed, for adult sentencing. *Id*. at \*3.

But no adult sentencing ever occurred. *Id*. Instead, the district court in the first county ordered that the juvenile continue to be held in the county jail while placement in a treatment program was sought for the juvenile. *Id*. During this time, the juvenile turned 21 years old. *Id*. When a placement became available, the district court ordered the now-adult offender to complete treatment as a "term of his probation." *Id*.

Almost three years later, the offender was terminated from his treatment placement, and a probation-revocation hearing was ordered in the first county. *Id*. Before the hearing could be held, the offender filed a motion to dismiss on the basis that the district court in the first county "lacked jurisdiction because EJJ probation was revoked and no sentence or conditions of probation had been pronounced." *Id*. The district court denied the motion and executed the 68-month sentence that had been imposed at the offender's original plea hearing. *Id*.

9

On appeal to this court, the offender argued that the district court lacked jurisdiction to impose the probationary condition requiring treatment and to revoke adult probation and execute his sentence. *Id.* at *2. This court agreed and vacated the revocation of the offender's adult probation and the execution of the offender's original juvenile court sentence. *Id*. at *4. This court reasoned that because no adult sentence was ever imposed, the probationary condition requiring treatment could not be a basis for revoking adult probation and because EJJ probation ended when the offender turned 21, the offender's failure to complete treatment three years later could not be a basis for revoking EJJ probation and executing the juvenile court sentence. *Id.*

Unlike *Booth*, which involved jurisdiction to revoke probation and execute a stayed EJJ sentence, the issue before us is whether the district court lost jurisdiction to impose an adult sentence after appellant's EJJ probation was revoked and his EJJ status terminated but his juvenile court sentence was not executed and he was not placed on adult probation. *Booth* does not address this issue.

In a case such as this, where venue for imposing an adult sanction is transferred from the county where EJJ probation was revoked to the county where the underlying juvenile offense occurred, at least some delay between revocation and adult sentencing is unavoidable. The lengthy delay in this case is unfortunate, but appellant has not cited any authority that suggests that the sentencing delay deprived the adult court of jurisdiction to impose an adult sanction.

**Affirmed**.