*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-1103**

In the Matter of the Welfare of the Children of:
C. L. C., D. L. F., III, D. E. L., Jr., Parents.

**Filed December 5, 2016
Reversed
Halbrooks, Judge**

Wabasha County District Court
File No. 79-JV-15-965

Kurt J. Knuesel, Knuesel Law Firm, Winona, Minnesota (for appellant C.L.C.)

D.L.F., III, Rochester, Minnesota (pro se respondent)

Mark Jarstad, Wabasha, Minnesota (for respondent D.E.L., Jr.)

Karrie Kelly, Wabasha County Attorney, Scott A. Hersey, Special Assistant County
Attorney, St. Paul, Minnesota (for respondent Wabasha County)

Michelle Frohrip, Rochester, Minnesota (guardian ad litem)

Considered and decided by Rodenberg, Presiding Judge; Halbrooks, Judge; and

Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

Following the district court's adjudication of her children as children in need of

protection or services (CHIPS), appellant argues that the district court lacked subject-

matter jurisdiction. We conclude that the district court had subject-matter jurisdiction, but

because the district court failed to comply with the requirements of Minn. R. Juv. Prot. P. 40.02 in adjudicating the children as CHIPS, we reverse.

## FACTS

Appellant C.L.C. is the mother of two children, A.F. and G.L., whose fathers are respondents D.L.F. and D.E.L., respectively. In October 2015, the Wabasha County Department of Social Services (the county) petitioned the district court to adjudicate A.F. and then unborn G.L. as CHIPS. On January 22, 2016, the day set for trial, the county informed the district court that the parties had reached an agreement. The three parents agreed to admit the allegations in the CHIPS petition, on the understanding that the district court would withhold adjudication for 90 days under Minn. R. Juv. Prot. P. 40.02. The district court outlined the agreement on the record:

> All right, I will accept the factual bases for the three admissions. I will follow the agreement and agree to a 90-day withholding of adjudication on condition that the parties cooperate fully with Social Services and the case plan. That you meaningfully engage in any mental health or chemical dependency treatment that is recommended for you, and should we be reviewing this roughly halfway through the period of the stay to see how things are going?

The district court emphasized to the parents that "there's an awful lot riding on this," noting that if they did well, "the case gets dismissed in 90 days."

The district court thereafter made written findings that the parents had validly admitted the allegations in the petition, specifically that the children were without proper food, clothing, shelter, or education under Minn. Stat. § 260C.007, subd. 6(3) (2014). The district court found that the children were in need of protection or services on that basis,

2

and that the children's best interests would be served by remaining in the custody of the parents (both children were then living with C.L.C. and D.E.L.) under protective supervision of the county. The order provides that the adjudication of the children as CHIPS "shall be withheld in accord with rule 40.02 of the Minnesota Rules of Juvenile Protection for a period of 90 days."

After a March 14 review hearing, based on C.L.C.'s and D.E.L.'s lack of progress with their case plans as well as an incident involving two other children in their care, the district court transferred custody of A.F. to his father, D.L.F., and instructed the county to file a formal motion for emergency protective care (EPC) of G.L. After a hearing, the district court denied the EPC motion because the county had not shown material changes supporting out-of-home placement at that time. The stay of adjudication remained in place.

The district court next held a review hearing on April 20, 2016, which was 89 days into the 90-day stay of adjudication. At the hearing, the district court ordered out-of-home placement for G.L. based on "material, significant issues that have come up within the last week or week and a half." Significantly, the stay of adjudication was not addressed at the April 20 review hearing or in the recommendations filed in advance of this hearing.

Shortly after the hearing, the county realized that it had overlooked the CHIPS adjudication in its proposed order. Later on April 20, the county filed a letter with an amended proposed order calling for revocation of the stay and adjudication of the children as CHIPS. The letter states that the filing was served on counsel for parents, but C.L.C.'s counsel contends that he was never served.

3

On April 21, the district court signed two orders: a review-hearing order (filed April 21) and an amended review-hearing order (filed April 26). The review-hearing order reiterated the factual bases and statutory grounds for the district court's CHIPS finding, directed out-of-home placement for G.L., and continued to withhold adjudication under rule 40.02 "and the order handed down at the January 22, 2016 hearing which provided for a 90 day stay." The amended review-hearing order was identical in all respects except that it revoked the stay of adjudication, made findings regarding the stay, and adjudicated the children as CHIPS.

The district court held an intermediate disposition hearing on June 1, 2016. At this hearing, C.L.C.'s counsel argued that if the stay expired without a CHIPS adjudication at a hearing, the district court lacked subject-matter jurisdiction. Because no one present could recall with certainty whether the 90-day stay or CHIPS adjudication had been addressed at the April 20 hearing, the district court continued the hearing for two weeks so that a transcript could be obtained.

On June 15, the hearing resumed, and the county noted, based on its review of the transcript that, "in no way was the—the revocation of the stay discussed" at the April 20 hearing. The county argued that the district court nevertheless retained subject-matter jurisdiction under Minn. Stat. § 260C.201, subd. 12(2) (2014) because the parents had not complied with the terms of their case plans as required by the January 22 agreement. In the alternative, the county noted that it had prepared a new CHIPS petition for the district court's consideration if the district court concluded that a new petition was necessary. The district court took the matter under advisement.

4

In a June 21, 2016 order, the district court determined that it "retain[ed] subject matter jurisdiction in this matter pursuant to Minn. Stat. § 260C.201, subd. 12(2) and thus the ability to adjudicate the children [as CHIPS]." The order states that the CHIPS adjudication had originally been stayed in accord with rule 40.02, but that in its April 21 review-hearing order, the district court had withheld adjudication going forward under Minn. Stat. § 260C.201, subd. 12 (2014). The June 21 order revoked the stay and adjudicated the children as CHIPS. C.L.C. now appeals.

## D E C I S I O N

C.L.C. argues that, under the plain language of Minn. R. Juv. Prot. P. 40.02, the district court erred in determining that it retained "subject-matter jurisdiction over the parties" when the 90-day stay expired. The existence of subject-matter jurisdiction presents a question of law, which we review de novo. *In re Welfare of Children of D.M.T.-R.*, 802 N.W.2d 759, 762 (Minn. App. 2011).

Subject-matter jurisdiction refers to the court's power "to hear and determine a particular class of actions and the particular questions presented." *McCullough & Sons, Inc. v. City of Vadnais Heights*, 883 N.W.2d 580, 584-85 (Minn. 2016) (quotation omitted). Because, generally, Minnesota district courts have subject-matter jurisdiction over CHIPS matters, the district court had subject-matter jurisdiction over this matter. The specific question before us is whether the district court's jurisdiction over this matter terminated upon the expiration of the 90-day stay.

In support of her jurisdiction argument, C.L.C. cites a case that applies Minn. R. Juv. Delinq. P. 15.05, subd. 4(F), a rule that expressly provides for termination of juvenile

5

court jurisdiction over a delinquency matter when it has continued without adjudication for 180 days. *See In re Welfare of M.J.M.*, 766 N.W.2d 360, 364-65 (Minn. App. 2009) (holding that a district court does not have jurisdiction to revoke a stay of adjudication in a juvenile delinquency matter after expiration of the 180-day period allowed by law to continue the stay), *review denied* (Minn. Aug. 26, 2009). Because Minn. R. Juv. Prot. P. 40.02 contains no similar termination-of-jurisdiction provision, C.L.C.'s argument that the district court here lacked jurisdiction after the 90-day stay expired is unpersuasive. We conclude that the district court correctly determined that it retained subject-matter jurisdiction over this CHIPS matter after the 90-day stay of adjudication expired. But this does not end our inquiry.

Under rule 40.01, if the district court makes a finding that the statutory grounds set forth in a CHIPS petition are proved, the district court shall either adjudicate the child as CHIPS or withhold adjudication under rule 40.02. Minn. R. Juv. Prot. P. 40.01. Here, the district court found that the children were in need of protection or services based on the parents' admissions to the allegations in the petition. After finding that the children were in need of protection or services, the district court withheld adjudication "in accord with rule 40.02 of the Minnesota Rules of Juvenile Protection for a period of 90 days." *See* Minn. R. Juv. Prot. P. 40.01.

Under rule 40.02, when it is in the best interests of the children, a district court may withhold a CHIPS adjudication for up to 90 days from the finding that the statutory grounds set forth in the petition have been met. Minn. R. Juv. Prot. P. 40.02, subd. 1. The rule further provides:

> At a hearing, which shall be held within ninety (90) days following the court's withholding of adjudication, the court shall either:
>
> (a) dismiss the matter without an adjudication if both the child and the child's legal custodian have complied with the terms of the continuance; or
>
> (b) adjudicate the child in need of protection or services if either the child or the child's legal custodian has not complied with the terms of the continuance. . . .

Minn. R. Juv. Prot. P. 40.02, subd. 2. Thus, when the district court withholds adjudication after making a CHIPS finding, it must either dismiss the matter or adjudicate the children as CHIPS at a hearing while the stay is in force.

Here, the 90-day period began on January 22, 2016 and ended on April 21, 2016. Two review hearings were held during the 90-day stay, the first on March 14 and the second on April 20. No argument was made at either hearing that the parents had complied with the terms of the stay by cooperating fully with their case plans and engaging meaningfully in recommended treatment. Thus, dismissal of the matter under rule 40.02, subd. 2(a), was not appropriate, and the district court was required by rule 40.02, subd. 2(b), to adjudicate the children as CHIPS at a hearing.

Not only did the district court not adjudicate the children as CHIPS at the April 20 hearing, neither the parties nor the district court even mentioned CHIPS adjudication or the 90-day stay. It appears from the transcript that the focus of the hearing was the case-plan compliance of C.L.C. and D.E.L. and whether out-of-home placement for G.L. was appropriate at that time. The adjudication issue appears simply to have been overlooked.

The county attempted to correct the oversight later that day by calling it to the district court's attention with an amended proposed order addressing adjudication. In part

7

because it appeared at the next hearing that C.L.C. may not have been properly served with the county's proposed order and because there was a question of subject-matter jurisdiction raised, the district court heard arguments on the question of CHIPS adjudication. The district court then filed a new order on June 21, revoking the stay and adjudicating the children as CHIPS.

In the June 21 order, the district court stated that its April 21 order "continued to withhold adjudication pursuant to Minn. Stat. § 260C.201, subd. 12." But the April 21 order makes no mention of Minn. Stat. § 260C.201, subd. 12. The April 21 order reiterates the earlier CHIPS finding and states that the adjudication "shall continue to be withheld in accord with both rule 40.02 . . . and the order handed down at the January 22, 2016 hearing which provided for a 90 day stay." The 90-day stay of adjudication that was granted on January 22, 2016 expired on April 21, 2016 without a CHIPS adjudication at a hearing.

When a district court withholds adjudication under rule 40.02, the district court must conduct a hearing within 90 days at which it either dismisses the case based on compliance or adjudicates the children as CHIPS. Here, the district court did not adjudicate the children as CHIPS at a hearing within 90 days of the January 22 stay of adjudication. Because the CHIPS adjudication did not comply with rule 40.02, we reverse.[1]

**Reversed.**

---

[1] C.L.C. also argues that the district court's amended review-hearing order filed on April 26 should be vacated as it was the result of an ex parte communication by the county. Having reversed on other grounds, we decline to reach this argument.

8