*This opinion is nonprecedential except as provided by
Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0967**

In the Matter of the Welfare of: S.D.B., Child.

**Filed February 23, 2026
Affirmed
Smith, John, Judge***

Kandiyohi County District Court
File Nos. 34-JV-23-150, 34-JV-23-135

Cathryn Middlebrook, Chief Appellate Public Defender, Andrew J. Nelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Shane D. Baker, Kandiyohi County Attorney, Willmar, Minnesota (for respondent)

Considered and decided by Bond, Presiding Judge; Connolly, Judge; and Smith, John, Judge.

**NONPRECEDENTIAL OPINION**

**SMITH, JOHN**, Judge

We affirm the district court's juvenile-delinquency adjudication order because it did not lose subject-matter jurisdiction when it extended appellant's continuance without adjudication without holding a hearing and did not abuse its discretion when it adjudicated appellant delinquent on two charges.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**FACTS**

In July 2023, respondent State of Minnesota charged appellant S.D.B., a minor, with one gross misdemeanor charge for using or brandishing a BB gun on school property following an incident where S.D.B. put a BB gun in his waistband and displayed it while at school. The state further charged S.D.B. with one felony second-degree burglary charge, one felony theft charge, and one misdemeanor property-damage charge after another incident a few weeks later when S.D.B. broke into and stole merchandise from a cannabis-products store. S.D.B. entered into a plea agreement with the state, admitting the BB gun charge and the second-degree burglary charge in exchange for dismissal of the remaining charges related to the break-in and other charges from unrelated incidents. The district court granted a continuance without adjudication and placed S.D.B. on probation for six months in May 2024. Five months later, the state requested that the district court extend the continuance without adjudication for an additional 180 days, citing concerns that S.D.B. had not fully complied with the terms of his probation, as he had not yet completed his required community service hours, had at one time failed to report for drug-and-alcohol testing, and had at other times tested positive for marijuana. The district court then extended the continuance for 180 days after S.D.B. signed an agreement waiving a hearing on the issue and agreeing to the extension.

During this second 180-day period, the state filed a probation-violation report, alleging that S.D.B. tested positive for THC on multiple occasions and continued to miss school, violating two probation conditions. The district court ordered S.D.B. to appear for a hearing to address the alleged violations. S.D.B. moved to dismiss the case, arguing that

the court did not have subject-matter jurisdiction since it did not hold a review hearing before extending the continuance without adjudication for an additional 180 days, and S.D.B.'s waiver of the hearing was ineffective since subject-matter jurisdiction cannot be waived. The district court denied the motion at the hearing, concluding that it had subject-matter jurisdiction.

S.D.B. then contested the violation. The state presented testimony from S.D.B.'s probation officer that S.D.B. tested positive for THC multiple times, that he missed a drug test, and that he had unexcused absences from school, all in violation of his probation conditions. The district court found the testimony credible and adjudicated S.D.B. delinquent on both charges, revoking the continuance and extending probation indeterminately, not to exceed his 19th birthday.

S.D.B. appeals.

## DECISION

S.D.B. raises two issues on appeal. He first contends that the district court was required to hold a hearing before extending the continuance without adjudication and its failure to do so deprived it of subject-matter jurisdiction, and his waiver of the hearing was therefore ineffective. He also asserts that the district court abused its discretion in adjudicating him on both offenses when it would serve the same rehabilitative purpose to adjudicate on only one offense. For the following reasons, we affirm.

**I.    The district court had subject-matter jurisdiction even though it did not hold a hearing before extending the continuance without adjudication.**

The district court retained subject-matter jurisdiction because the applicable statute does not require a hearing before extending a continuance without adjudication. We review issues of statutory interpretation and subject-matter jurisdiction de novo. *In re Welfare of M.A.B.*, 2 N.W.3d 562, 565 (Minn. App. 2024). "If statutory language is plain and unambiguous, the court must give it its plain meaning." *In re Welfare of J.M.*, 574 N.W.2d 717, 721 (Minn. 1998). The statute that allows district courts to grant and extend a continuance without adjudication provides:

> When it is in the best interests of the child to do so and not inimical to public safety . . . before a finding of delinquency has been entered, the court may continue the case for a period not to exceed 180 days on any one order. Except as otherwise provided in paragraph (c), the continuance may be extended for one additional successive period not to exceed 180 days, but only with the consent of the prosecutor *and only after the court has reviewed the case* and entered its order for the additional continuance without a finding of delinquency.

Minn. Stat. § 260B.198, subd. 7(a) (2024) (emphasis added). The juvenile-delinquency procedure rules similarly provide that "[t]he court may extend the continuance for an additional successive period not to exceed one hundred eighty (180) days with the consent of the prosecutor and only after the court has reviewed the case and entered its order for the additional continuance without a finding of delinquency." Minn. R. Juv. Delinq. P. 15.05, subd. 4(B). In our opinion *In re Welfare of C.S.N.*, we stated that a district court loses subject-matter jurisdiction after an initial 180-day continuance unless it extends the continuance by following the procedure provided in the statute. 917 N.W.2d 427, 431

4

(Minn. App. 2018). Because the statutory requirement to review the case is jurisdictional, a district court cannot order a 360-day continuance without adjudication at the outset of a case, as it must review the case after the first 180-day period, and only then can it order another 180-day continuance. *Id.*

S.D.B. maintains that the statute requires the district court to specifically conduct a review *hearing* before extending a continuance without adjudication. And because the requirement to review the case is jurisdictional, S.D.B. contends that his waiver of the hearing was ineffective because the district court lacked subject-matter jurisdiction without it, and subject-matter jurisdiction cannot be waived. *In re Welfare of M.J.M.*, 766 N.W.2d 360, 364 (Minn. App. 2009), *rev. denied* (Minn. Aug. 26, 2009). S.D.B. cites the following language referencing a "review hearing" from the syllabus note in *C.S.N.* to support his contention:

> A juvenile district court may only continue a case without an adjudication of delinquency for one 180-day period and can only extend the continuance up to an additional 180-day period after the court has reviewed the case. If the court fails to *conduct a review hearing* before extending a continuance, the district court loses jurisdiction to consider a probation revocation proceeding commenced after the first 180-day period has ended.

*C.S.N.*, 917 N.W.2d at 429 (emphasis added).

We are unconvinced. The statute plainly does not provide that a district court must specifically hold a *hearing* before ordering a 180-day extension of a continuance; rather it requires that the district court must have "reviewed the case[.]" Minn. Stat. § 260B.198, subd. 7(a). In *C.S.N.*, we never addressed what procedure constitutes reviewing the case

5

for purposes of satisfying the statutory requirement, nor did we state that a hearing is the only permissible form of review. *See* 917 N.W.2d at 431. And S.D.B. does not argue that the plain language of the statute supports his proposed reading or even contend that the phrase "review[] the case" is ambiguous. Minn. Stat. § 260B.198, subd. 7(a). Rather, he argues that review hearings should be required as a matter of policy and points to language in the comments to the procedural rules regarding modification of a disposition that agreements to make upward modifications "normally require a court appearance[.]" Minn. R. Juv. Delinq. P. 15.08, cmt. b. But comments to procedural rules are not binding on this court. *See State v. Johnson*, 514 N.W.2d 551, 555 n.8 (Minn. 1994) (noting that "comments to the Rules of Criminal Procedure exist to guide the court, not to bind it"). S.D.B. also does not cite any authority supporting the contention that a continuance without adjudication constitutes an upward modification.

Because the statute does not require a hearing and merely requires that the district court review the case, we hold that the district court had jurisdiction to extend the continuance without adjudication for an additional 180 days here.[1] S.D.B.'s waiver of a hearing that was not statutorily required is therefore not akin to an ineffective waiver of subject-matter jurisdiction because a hearing is not a jurisdictional requirement here.[2]

---

[1] S.D.B. does not specifically contend that the district court did not conduct any review, only that it did not hold a review "hearing." And in any event, the record indicates that the district court did review the case, as it received the probation violation report and instructed the probation officer to receive verification from S.D.B. that he wished to waive the hearing.

[2] S.D.B. argues in the alternative that a remand is necessary to determine whether the waiver was knowing, voluntary, and intelligent. But he also does not claim that any such

6

**II.** **The district court did not abuse its discretion in adjudicating S.D.B. delinquent on both counts.**

The district court did not abuse its discretion in adjudicating S.D.B. delinquent on both charges because it was not required to choose a lesser punitive option when ordering an adjudication. We review a district court's adjudication decision for an abuse of discretion. *In re Welfare of C.A.R.*, 941 N.W.2d 420, 422 (Minn. App. 2020), *rev. denied* (Minn. May 19, 2020). A district court abuses its discretion if it makes "findings of fact that are unsupported by the evidence, misappl[ies] the law, or render[s] a decision that is against logic and the facts on record." *In re Welfare of I.N.A.*, 902 N.W.2d 635, 642 (Minn. App. 2017), *rev. denied* (Minn. Nov. 28, 2017).

S.D.B. argues that the district court needlessly adjudicated him delinquent on both charges when adjudicating on one charge would result in the same probationary term. He contends that adjudicating him delinquent on both charges therefore does not serve any rehabilitative purpose and "merely saddled [him] with an additional conviction on his record[.]" But this argument conflates the standards for dispositions and adjudications. Though it is true that a district court must opt for the "least drastic step necessary to restore law-abiding conduct in the juvenile" in imposing a particular *disposition*, the same is not true of a district court's decision of whether to adjudicate or continue without adjudication. *In re Welfare of J.R.Z.*, 648 N.W.2d 241, 245-46 (Minn. App. 2002) (quotation omitted). The decision to adjudicate or stay adjudication instead requires the district court to consider

---

defect in the waiver existed. And because the district court did not have to hold any hearing at all, it did not have to seek a waiver for the hearing to begin with.

whether "it is in the best interests of the child to do so" and the interests of public safety. *Id.* at 246 (quotation omitted). And S.D.B. does not argue that the district court did not consider these factors, nor does he argue that the disposition itself was inappropriate or too drastic; rather, he argues that the district court abused its discretion in adjudicating him delinquent on two charges instead of one. But S.D.B. does not cite any authority supporting the contention that a district court is bound to adjudicate only one of two offenses when doing so would result in the same rehabilitative effect as an adjudication on both. Because S.D.B. fails to show that the district court erred in adjudicating him delinquent on both counts, the district court did not abuse its discretion.

**Affirmed.**