**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-1810**

In the Matter of the Welfare of: C. J. H., Child.

**Filed May 18, 2015**
**Vacated**
**Crippen, Judge**<sup>*</sup>

Itasca County District Court
File No. 31-JV-13-2872

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Muhar, Itasca County Attorney, Mary J. Evenhouse, Assistant County Attorney, Grand Rapids, Minnesota (for respondent State of Minnesota)

Cathryn Middlebrook, Chief Appellate Public Defender, Susan J. Andrews, Assistant Public Defender, St. Paul, Minnesota (for appellant C.J.H.)

Considered and decided by Hooten, Presiding Judge; Stauber, Judge; and Crippen, Judge.

**S Y L L A B U S**

The juvenile court's continuance of a delinquency proceeding after receiving the child's admission of a charged offense and waiver of trial rights constitutes a continuance without adjudication within the meaning of Minn. R. Juv. Delinq. P. 15.05, subds. 1(B), 4. This rule governs the case despite the juvenile court's initial withholding of a finding that the allegations of the charging document have been proved and the court's designation of its order as a continuance for dismissal under Minn. R. Juv. Delinq. P. 14. Accordingly, the

---

<sup>*</sup> Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

duration of the court's subject-matter jurisdiction over the continued proceedings is limited as provided in rule 15 and the corresponding provision of the juvenile code.

## **O P I N I O N**

**CRIPPEN**, Judge

Appellant C.J.H. challenges the juvenile court's assertion of jurisdiction in the case over 250 days following a continuance of the matter in 2013. Despite designation of the continuance of appellant's delinquency proceeding as a continuance for dismissal, appellant argues that the continuance must be identified as a continuance without adjudication, which capped the court's jurisdiction at 180 days from the date of the order. Because appellant's argument is supported by the governing law, we vacate the court's delinquency adjudication and disposition due to the prior expiration of its jurisdiction. There is no merit in appellant's alternative argument that there is insufficient evidence to support the adjudication.

## **FACTS**

In a juvenile court delinquency petition dated October 21, 2013, respondent State of Minnesota charged C.J.H., age 17, with third-degree criminal sexual conduct, attempted third-degree criminal sexual conduct, and consumption of alcohol by a minor. At a first-appearance hearing on November 27, by agreement of the parties, C.J.H. admitted facts to establish a factual basis for proving the second count of the petition, attempted third-degree criminal sexual conduct, in exchange for a "continuance for dismissal" on that charge and dismissal of the remaining charges.

As also agreed, C.J.H. waived his rights to a speedy trial, to remain silent, and to confront witnesses, and he acknowledged that he was essentially waiving his rights "to successfully defend [him]self at a later date." The district court advised the child that upon a violation of his conditions of continuance "all [the state will] have to do in the future is take your own words and present them to the Judge and you'll be found guilty of this felony." In its order, the court explained that the child agreed that a transcript of the factual basis offered by the child would later, in the event of a violation, "be able to prove the child guilty" of the offense. When later reviewing the child's agreement, the court characterized it as an "informed agreement to be adjudicated guilty if he violated the terms of his continuance." The child agreed to accept probationary conditions for a stay until his 19th birthday. Acting on the agreement of the parties, the juvenile court ordered "continuance for dismissal" of the delinquency proceeding, placed C.J.H. on supervised probation with conditions, and extended its jurisdiction through C.J.H.'s 19th birthday.

The state moved to terminate the continuance on June 20, 2014, on the grounds that C.J.H. had materially violated the conditions of his probation. On August 6, after a contested hearing on the state's motion, the juvenile court terminated the continuance and commenced a hearing on the charge of attempted third-degree criminal sexual conduct. At this hearing, the state presented a transcript of the November 2013 hearing and also furnished the partially-corroborative testimony of the 15-year-old victim H.R.L.— characterized by the state as her memory of "bits and pieces" of what transpired. Counsel for C.J.H. cross-examined H.R.L. only to ask the witness whether she voluntarily consumed

drinks that were furnished to her. C.J.H. moved for judgment of acquittal, and the court denied the motion. The hearing resumed and concluded on September 17; C.J.H. neither testified nor called witnesses, and on October 8, the court found that the state had proved C.J.H.'s guilt beyond a reasonable doubt, adjudicated him delinquent, and ordered a disposition for the remaining time before C.J.H. turned age 19.

## ISSUES

I. Did the juvenile court have jurisdiction to adjudicate C.J.H. delinquent?

II. Was the evidence sufficient to adjudicate C.J.H. delinquent?

## ANALYSIS

### I.

C.J.H. contends that the juvenile court's subject-matter jurisdiction in this case expired before he was adjudicated delinquent. He reasons that the continuance agreement required the child's admission of guilt "as if he were receiving a stay of adjudication" and must be treated as a continuance without adjudication—notwithstanding the parties' agreement, as reflected in the court's order for a continuance for dismissal—such that the state's failure to commence a probation revocation proceeding within 180 days of the order resulted in the termination of the court's jurisdiction.

"Subject matter jurisdiction is a court's 'statutory or constitutional *power* to adjudicate the case.'" *State v. Schnagl*, 859 N.W.2d 297, 300 (Minn. 2015) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S. Ct. 1003, 1010 (1998)). This power may expire under a provision of law. *See In re Welfare of M.J.M.*, 766 N.W.2d 360,

4

364 (Minn. App. 2009) (explaining that juvenile court jurisdiction expires under Minn. R. Juv. Delinq. P. 15), *review denied* (Minn. Aug. 26, 2009). Subject-matter jurisdiction is a question of law that is subject to de novo review. *Nelson v. Schlener*, 859 N.W.2d 288, 291 (Minn. 2015); *see also In re Welfare of Children of A.I.*, 779 N.W.2d 886, 894 (Minn. App. 2010) ("Jurisdiction in juvenile court matters is a question of law, reviewed de novo."), *review dismissed* (Minn. Apr. 20, 2010).

Continuances for dismissal are authorized by Minnesota Rule of Juvenile Delinquency Procedure 14. *M.J.M.*, 766 N.W.2d at 363. A continuance for dismissal is the "suspen[sion of a delinquency proceeding] for a specified period without a finding that the allegations of the charging document have been proved after which [the proceeding] will be dismissed . . . on condition that the child not commit a delinquency or juvenile petty or juvenile traffic offense during the period of the continuance." Minn. R. Juv. Delinq. P. 14.01, subd. 1. To accommodate the continuance, the child must agree to waive "the right to a speedy trial." *Id.* The period of suspension may extend to the child's 19th birthday. *See* Minn. Stat. § 260B.193, subd. 5(a) (2012) (providing that "the jurisdiction of the court shall continue until the individual becomes 19 years of age if the court determines it is in the best interest of the individual to do so"); Minn. R. Juv. Delinq. P. 14.01, subd. 3 (providing that continuance-for-dismissal agreement "may not specify a period of suspension longer than the juvenile court has jurisdiction over the child").

A continuance-for-dismissal agreement may require the child to observe additional conditions during the period of suspension, including abstention from "specified activities,

5

conduct, and associations" and/or "participat[ion] in a supervised rehabilitation program." Minn. R. Juv. Delinq. P. 14.01, subd. 2. If the child commits a "material violation" of a continuance-for-dismissal agreement, the juvenile court, upon the state's motion and after hearing, "may order the agreement terminated and the juvenile proceeding resumed." Minn. R. Juv. Delinq. P. 14.04, subd. 2. The child is entitled to a trial upon any such resumption of the proceeding. *See* Minn. R. Juv. Delinq. P. 14.01, subd. 1 (providing that a continuance-for-dismissal "agreement shall contain a waiver by the child of the right to a *speedy* trial" and "may include stipulations concerning the existence of specified facts or the admissibility into evidence of specified testimony, evidence, or depositions if the suspension of prosecution is terminated and there is a trial on the allegations" (emphasis added)).

Rule of Juvenile Delinquency Procedure 15.05 also permits the court to continue the proceedings without adjudication. Minn. R. Juv. Delinq. P. 15.05, subds. 1, 4(A). Unlike a continuance for dismissal, a continuance without adjudication is accompanied by the juvenile court's finding that the allegations of the charging document have been proved. *See id.* (providing that, "[o]n each of the charges found by the court to be proved, the court [may] . . . continue the case without adjudicating the child delinquent"); *see also* Minn. R. Juv. Delinq. P. 15 cmt. (stating that "[t]he court must find that the allegations of the charging document have been proved before it can continue a case without adjudication").

The period of continuance without adjudication may not exceed 180 days in length. Minn. Stat. § 260B.198, subd. 7 (2012);[1] Minn. R. Juv. Delinq. P. 15.05, subd. 4(B).

The juvenile court may "place the child under the supervision of a probation officer . . . under conditions prescribed by the court" for the duration of the continuance without adjudication. Minn. Stat. § 260B.198, subds. 1(2), 7 (2012); *see* Minn. R. Juv. Delinq. P. 15.05, subd. 1(B). If the child violates those conditions, he is not entitled to a trial on the allegations of the charging document; rather, "[a]djudicating a child for an offense after initially granting a continuance without adjudication is a probation revocation and must be accomplished pursuant to Rule 15.07," which governs proceedings for revocation of probation. *See* Minn. R. Juv. Delinq. P. 15.05, subd. 4(E), .07. "A probation revocation proceeding to adjudicate the child on any allegation initially continued without adjudication must be commenced within the [180-day] period . . . or juvenile court jurisdiction over the charges terminates." Minn. R. Juv. Delinq. P. 15.05, subd. 4(F).

---

[1] Minnesota Statutes section 260B.198, subdivision 7, is the statutory root of a juvenile court's authority to order continuance without adjudication. *See In re Welfare of J.S.H.-G.*, 645 N.W.2d 500, 503 (Minn. App. 2002) (stating that "[b]y juvenile rule and statute, Minnesota law authorizes . . . continuance for a juvenile disposition" (citing Minn. Stat. § 260B.198, subd. 7 (2000); Minn. R. Juv. Delinq. P. 15.05, subd. 4)), *review denied* (Minn. Aug. 20, 2002); *see also* Minn. R. Juv. Delinq. P. 15 cmt. (stating that "[c]ontinuance without adjudication is now authorized by Minnesota Statutes 2002, section 260B.198, subd. 7").

Section 260B.198 was recently amended to permit continuances for up to 360 days, but the amendment does not apply to C.J.H.'s July 28, 2013 offenses. *See* 2014 Minn. Laws ch. 312, art. 6, § 3, at 2148–49 (providing that "[t]his section is effective August 1, 2014, and applies to offenses committed on or after that date").

In this case, the juvenile court entered an order to effect the parties' continuance agreement, which hinged on C.J.H.'s waiver of trial rights, admission of attempted third-degree criminal sexual conduct, and submission to probation until his 19th birthday. The continuance aimed to maximize its jurisdiction over C.J.H., as permitted under a rule 14 continuance for dismissal. Yet the continuance also provided the state with the primary benefit of a rule 15.05 continuance without adjudication—i.e., a legal basis to compel C.J.H.'s compliance with conditions without the risk of a long-delayed trial upon any future violation of those conditions.

This court faced similar facts in *M.J.M.*, a case in which a 16-year-old child pleaded guilty to felony offenses and the juvenile court stayed adjudication until the child's 19th birthday or successful completion of probation, citing Minn. R. Juv. Delinq. P. 14 in support of its extension of the stay's reach beyond 180 days. 766 N.W.2d at 362.[2] Roughly 18 months later, the juvenile court granted the state's request to vacate the stay due to the child's probation violations. *Id.* We reversed and remanded with directions to dismiss the juvenile petition. *Id.* at 365. Respecting the purported application of rule 14, we reasoned:

> [a]lthough the prosecutor and [the child]'s counsel agreed to stay adjudication, the agreement was not subject to rule 14 governing continuances for dismissal, because [the child] pleaded guilty to the charges.

*Id.* at 363.

Turning to rule 15, we explained:

---

[2] A continuance without adjudication is sometimes referred to as a "stay of adjudication." *See M.J.M.*, 766 N.W.2d at 363 & n.2.

8

> [The child]'s disposition is controlled by rule 15, because that rule applies to delinquency dispositions when the charges are admitted or proved. Rule 15 limits continuance of a case without adjudication for a maximum period of 180 days, consistent with Minn. Stat. § 260B.198, subd. 7. Under rule 15, a district court loses jurisdiction over a juvenile after the 180-day continuance period has expired, even though the juvenile did not comply with the probationary conditions.

*Id.* at 364 (citation omitted).

Although the state did not directly address the authority of *M.J.M.*, it contends that C.J.H. (unlike M.J.M.) did not formally plead guilty to the attempted third-degree criminal sexual conduct. The record demonstrates that the parties and the juvenile court made a deliberate effort to avoid characterizing the continuance agreement as requiring C.J.H.'s guilty plea to attempted third-degree criminal sexual conduct. Yet C.J.H.'s admissions were expressly intended to establish a "factual basis" for the charged offense, a phrase that is associated with guilty pleas under both Minn. R. Juv. Delinq. P. 8.04, subd. 1(A), and Minn. R. Crim. P. 15.01, subd. 1(8). At both the November 27, 2013 first-appearance hearing and the August 6, 2014 hearing on the state's motion to terminate the continuance, the prosecutor referred to C.J.H.'s "pleading guilty" or "guilty plea," although she quickly retracted each such reference—including one retraction that was prompted by the juvenile court.

Despite the state's suggestion that C.J.H. did not plead guilty, C.J.H. waived not only a speedy trial, as anticipated in rule 14, but his rights to remain silent, to confront witnesses, and—in the words of his attorney—he waived "basically [his] rights to successfully defend [him]self at a later date[.]" C.J.H. further confirmed the juvenile court's understanding that,

upon occurrence of a violation of probationary conditions, "the county will just hand the Judge your statements and you'll be found guilty of this crime and—and face all those consequences." C.J.H. then admitted the elements of his attempt to commit third-degree criminal sexual conduct and agreed that his admissions could be used against him. In its 2013 order, the juvenile court found that the child's admissions established a factual basis for a finding that he committed attempted third-degree criminal sexual conduct, and the court found that, in the event that the suspension was terminated, "a transcript of this factual basis will be submitted to the Court without further foundation and would be able to prove the child guilty of this offense."

Also, section 260B.198, the statutory parallel of rule 15.05, subdivision 4(B), authorizes a continuance without adjudication when the child has "admitted the allegations contained in the petition" or "allegations contained in the petition have been duly proven." Minn. Stat. § 260B.198, subd. 7 (2012). In *M.J.M.*, we accordingly relied on the child's "admission of guilt" in concluding that rule 15.05, rather than rule 14, applied to the stay. *See* 766 N.W.2d at 363 & n.2, 364.

Finally, the Minnesota Supreme Court's Juvenile Rules Advisory Committee has stated that the adoption of Minn. R. Juv. Delinq. P. 14 was an "incorporat[ion]" of Minn. R. Crim. P. 27.05, which permits continuances for dismissal in adult criminal proceedings. Minn. R. Juv. Delinq. P. 14 cmt. For a continuance for dismissal under Minn. R. Crim. P. 27.05, "[t]he district court does not make a finding of guilt, and the defendant does not make an admission of guilt." *State v. C.P.H.*, 707 N.W.2d 699, 703 (Minn. App. 2006). In

10

contrast, a stay of adjudication in an adult criminal proceeding does involve a finding or admission of guilt. *Id.* at 704.

We are not persuaded by the state's claim that C.J.H. did no more than give a factual basis for attempted third-degree criminal sexual conduct. C.J.H.'s admissions and waivers, regardless of how they are labeled, were the functional equivalent of a guilty plea, and, as in *M.J.M.*, "continuance for dismissal was not an appropriate disposition here because of appellant's admission of guilt." *See* 766 N.W.2d at 363 n.2.

In addition to the avoidance of a stated guilty plea in this case, the juvenile court ordered a continuance without first finding, specifically, that the allegations of the petition had been proved. The court withheld such a finding in accordance with the parties' agreement that the finding would be entered, on C.J.H.'s admissions and without a meaningful trial, only if C.J.H. violated the conditions of the continuance agreement. As discussed above, a continuance for dismissal is the "suspen[sion of a delinquency proceeding] for a specified period without a finding that the allegations of the charging document have been proved," Minn. R. Juv. Delinq. P. 14.01, subd. 1, while a continuance without adjudication does involve such a finding, Minn. R. Juv. Delinq. P. 15.05, subds. 1, 4(A).

Initially, we note that the juvenile court's 2013 findings state, as noted before, that the child gave the court "a factual basis . . . which supports the Court finding the child guilty of [Attempted] Criminal Sexual Conduct in the Third Degree . . . ." This finding is not significantly different than a finding that a charge had been admitted or proved. We also

11

observe that admissions without a contemporaneous finding contradict the Rules of Juvenile Delinquency Procedure. *See, e.g.*, Minn. R. Juv. Delinq. P. 8.04, subd. 4 (providing that "[t]he court shall make a finding within fifteen (15) days of a plea of guilty . . . that the plea has been accepted and allegations in the charging document have been proved"), 13.09 (providing that "[w]ithin seven (7) days of the conclusion of [a] trial, the court shall make a general finding that the allegations in the charging document have or have not been proved beyond a reasonable doubt"). And neither the delinquency rules nor the delinquency provisions of the Juvenile Court Act provides for a continuance after admission or proof of the allegations of the charging document but before a finding that the allegations of the charging document have been proved. We have no basis under the law to approve the creation of such a continuance, and we decline to do so.[3]

Since this case was initiated, as we noted earlier, the Minnesota Legislature extended the jurisdiction under Minn. Stat. § 260B.198, subd. 7, to permit a maximum duration of 360 days for a continuance without adjudication. This enables the child, the juvenile court,

---

[3] We noted earlier that the Minnesota Supreme Court's Juvenile Rules Advisory Committee added Rule 14 to juvenile procedure the form of continuance already provided in adult cases under Minn. R. Crim. P. 27.05. Minn. R. Juv. Delinq. P. 14 cmt. The committee's comment states a policy concern about "misuse" of rule 15, whereby children accept stays of adjudication without understanding the consequences. Accordingly, policymakers may ask if the practice at issue here, in the course of determining an adjudication based on the child's open-court confession, adequately protects the interests of children. But we have decided the case on construction of the rules and statutes, leaving these policy assessments to the process of recommending or adopting rules or enacting amended statutes. Neither party has raised or briefed any constitutional argument on the juvenile court's applications of rules 14 and 15.

and juvenile court practitioners to consider a continuance without adjudication for a longer term, but not the term declared by the juvenile court in this case.

Finally, we appreciate that a continuance-for-dismissal agreement "may include stipulations concerning the existence of specified facts or the admissibility into evidence of specified testimony, evidence, or depositions if the suspension of prosecution is terminated and there is a trial on the allegations." Minn. R. Juv. Delinq. P. 14.01, subd. 1. This provision enables the preservation of evidence for the eventuality of trial, but it does not authorize an agreement that admissions and waivers will occur, surrendering, *inter alia*, the child's right to be silent or to testify, and postponing only the formality of court findings— an agreement that would in effect transform the application of rule 14 to be no different than a stay under rule 15.05.

We also see no significance in the later occurrence of a trial-like hearing, upon the demand of C.J.H.; except for the state's submission of added evidence of guilt, the hearing was no different in substance than the proceedings anticipated when the case was continued in 2013.

In sum, the juvenile court's continuance of the delinquency proceeding against C.J.H. constituted a continuance without adjudication because it followed his waiver of trial rights and admission of attempted third-degree criminal sexual conduct, a charged offense. Under Minn. Stat. § 260B.198, subd. 7 (2012), and Minn. R. Juv. Delinq. P. 15.05, subds. 1(B), 4, the juvenile court's subject-matter jurisdiction terminated no later than 180 days after the November 27, 2013 continuance order. The juvenile court did not commence new

proceedings against C.J.H. until August 6, 2014, over 250 days after the continuance order. As a result, the court did not have jurisdiction to adjudicate C.J.H. delinquent, and the courts 2014 orders must be vacated. *See M.J.M.*, 766 N.W.2d at 363–65 (concluding that juvenile court lacked jurisdiction to revoke stay of adjudication more than 180 days after stay was ordered, reversing order revoking stay, and remanding with directions to dismiss delinquency petition).

The state also responds to C.J.H.'s jurisdictional argument by stressing the parties' agreement to a rule 14 continuance for dismissal and noting that C.J.H. failed to raise the jurisdiction argument below. But the length of a continuance without adjudication may not be extended by agreement of the parties, and the juvenile court's lack of subject-matter jurisdiction is not waived by the child's failure to object. *Id.* at 364.

**II.**

C.J.H. asserts, alternatively, that the record contains insufficient evidence to support his adjudication of delinquency for attempted third-degree criminal sexual conduct. Although our jurisdiction determination disposes of the case, we address this issue, which has no merit, to the end of fully deciding the issues appellant has posed on appeal.

"In considering a claim of insufficient evidence, this court's review 'is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction,' is sufficient to allow the fact-finder to reach the verdict that it did." *In re Welfare of C.J.W.J.*, 699 N.W.2d 328, 334 (Minn. App. 2005) (quoting *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989)). A delinquency adjudication is

supported by sufficient evidence "if the fact-finder, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude" that the child committed an act of delinquency. *See id.*

A person commits attempted third-degree criminal sexual conduct by "do[ing] an act which is a substantial step toward, and more than preparation for," sexual penetration with a victim who is at least 13 but less than 16 years old and more than 24 months younger than the person, with "specific intent to perform acts and attain a result which if accomplished would constitute" third-degree criminal sexual conduct. *See* Minn. Stat. §§ 609.17, subd. 1, .344, subd. 1(b) (2012); *State v. Bakdash*, 830 N.W.2d 906, 915 (Minn. App. 2013), *review denied* (Minn. Aug. 6, 2013). To constitute a substantial step toward the crime attempted, the act must "directly tend in some substantial degree to accomplish [the crime]," but the "act[] need not be such that, if not interrupted, [it] must result in the commission of the crime." *State v. Dumas*, 118 Minn. 77, 83–84, 136 N.W. 311, 314 (1912).

C.J.H. admitted that at an outdoor party on July 28, 2013, he provided alcohol to H.R.L., who he knew was 15 years old;[4] he and H.R.L. got drunk at the party; at some point during the party, he and H.R.L. were alone in a car, where they took off all their clothes and kissed; and H.R.L. is more than 24 months younger than him. C.J.H.'s admissions were partially corroborated by H.R.L.'s testimony that she was 15 years old on July 28, 2013; on that date she and C.J.H. went to a party, where she drank alcohol provided to her by C.J.H.;

---

[4] The third-degree criminal sexual conduct statute provides an affirmative defense "that the actor reasonably believes the complainant to be 16 years of age or older," and adds that mistake on age is not otherwise a defense. Minn. Stat. § 609.344, subd. 1(b).

C.J.H. also drank at the party; she and C.J.H. were together in C.J.H.'s car at some point during the party; her tank top was pulled "half up" and her pants were "inside out and backwards" when police officers later found her with C.J.H. at the party; and she "[h]ardly" remembered what had happened at the party. In addition, C.J.H. responded affirmatively when the prosecutor asked whether he "w[as] attempting to engage in sexual penetration with [H.R.L.]," whether he "engage[d] in some activities that led towards the preparation of engaging in sexual penetration with [H.R.L.]," and whether he "agree[d] that [he] engaged in this offense, that [he] took substantial steps towards the preparation of engaging in sexual penetration . . . with H.R.L."

Viewed in the light most favorable to the delinquency adjudication, the evidence sustains the juvenile court's findings that C.J.H. intended to engage in sexual penetration with H.R.L., who he knew was 15 years old and who is more than 24 months younger than he is, and that C.J.H. did an act that was a substantial step toward, and more than preparation for, sexual penetration with H.R.L. The evidence sufficiently supports C.J.H.'s adjudication of delinquency for attempted third-degree criminal sexual conduct.

## D E C I S I O N

Because C.J.H. waived his right to a meaningful trial on the charge of attempted third-degree criminal sexual conduct and then admitted the facts on which that charge was based, the juvenile court's subsequent continuance of C.J.H.'s delinquency proceeding constituted a continuance without adjudication and is subject to Minn. Stat. § 260B.198, subd. 7 (2012), and Minn. R. Juv. Delinq. P. 15.05, subds. 1(B), 4. Consequently, the court

lacked subject-matter jurisdiction to adjudicate C.J.H. delinquent more than 180 days after ordering the continuance.

**Vacated.**